Mr. Justice Westcott
delivered the opinion of the court.
This is a writ of error to the Circuit Court for Madison County. The action was assumpsit upon an open account. An attachment was issued in the case based upon affidavit. The summons was returnable to the first Monday of December, 1878. On that day a declaration was filed and a default was entered for want of appearance. An account unsworn to, marked exhibit A, was filed with the declaration. On the 13th day of December a final judgment was ‘ entered. No affidavit or other proof appears to have been ■ filed or taken bn that day or upon any day subsequent to the default. The record recites simply, “the plaintiffs having produced their cause of action and the‘damages having been duly assessed by the clerk at one hundred forty 8-100 dollars, it is considered,” &c. This was the amount of the unsworn account filed with the declaration as well as the debt sworn to in vthe affidavit accompanying the attachment proceedings. It does not appear from this record how and in what manner the clerk assessed the damages. The record recites a simple production of the cause of action, the unsworn account. The statute provides that upon the entry of any default where "the action is upon a written instrument for the payment of money, the plaintiff at any time after such default may, on the production and filing of such instrument, cause final judgment to be entered for the amount thereof with interest, and' the clerk ’ shall assess,” &c.» "And if the action is upon an open account or other contract for the payment of money not in writing, upon the ontoy of a default as aforesaid the clerk shall ascertain the amount which the plaintiff is entitled to recover ■ in such action from the examination of the 'plaintiff under oath, or othér proofs by affidavit or otherwise, and enter up the judgment for the amount so assessed or ascertained.”
A proper construction of this statute, we think, requires that the party should produce and file the evidence upon which' the damages are to be assessed where the action is. upon an open account in the same way as he is required to do in an action upon a written instrument, that is in the regular method after entry or default. The statute does .not in terms prescribe the method by which the clerk shall "ascertain” the amount, but we think the Legislature contemplated the same method in each case, and we think this the correct construction of the section of the statute. In this case there was nothing filed, and looking to the pro-' ceedings subsequent to the entry of the default, we cannot say that the clerk assessed the damages otherwise than by reference to the open account filed with the declaration. "We think the record should show the basis of the judgment — the production and filing of the proof after default entered. Nothing of the kind appears here.
The judgment is reversed and the case will be' remanded ‘ to stand upon the default for want of an appearance.