Tins Chief Justice
delivered the opinion of the coutí.
Action of assumpsit by Harllee, appellee, against appellant. Summons served March 5, 1878, returnable on rule day in April. Declaration filed on rule day upon promissory note. Neither the note nor copy of note annexed to or filed with thee declaration, which describes the note as payable “to the order of the sum of two hundred and two dollars and ninety-nine cents.”
On said rule day the following entry was made by the clerk: “John W. Harllee, agent, vs. William T. Coons. Be it remembered that on this, the first day of April, 1878, the same being rule day thereof, and there being no appearance, plea, or answer, on motion of plaintiff’s attorney, judgment is given by default in the sum of $202.68, principal and interest, sheriff’s fees, $6.50; clerk’s fees, $2.90.”
There is no other entry purporting to be a final judgment. Among the papers is found a promissory note dated October 29, 1878, signed with defendant’s name, payable one day after date to the order of John W. Harllee, agent, for $202.99. There is no mark on the note showing that it had been filed with the clerk, or that any assessment of damages had been made upon it, nor is there any statement in the record showing when or how it came into the custody of the clerk. The declaration does not describe a note payable to plaintiff or to any other person.
On the second day of July, 1878, an execution was issued by the clerk, commanding the sheriff to collect “the sum of two hundred and fifteen dollars and thirty-six cents, the amount of debt due from the said William T. Coons to John W. Harllee, agent, on the 2d day of July, A. D. 1878, by the judgment of the Circuit Court of the State of Florida for the Sixth Judicial Circuit for the county of Manatee recovered against the said W. T. Coons, and that you also cause to be made the additional sum of $10.10” for costs of Buit.
Afterwards defendant’s attorney made a motion to set aside the judgment and the execution for irregularity. This motion was denied, and the defendant appealed, and seeks to reverse the judgment.
We find in another paper, purporting to be a copy of the record on file in this court, a copy of the “judgment” which recites that the judgment was “given by default in the sum of $210.68, principal and interest,” besides costs. The execution does not describe either of these “judgments” as to the amount. We merely refer to these several discrepancies for the purpose of calling the attention of the officers and parties to the series of blunders apparent here, by which the parties have doubtless been subjeted to much loss of time and expense.
The necessary conclusion of this court, upon an examination of the record is, that there has been no final judgment in the case, and hence this appeal muBt he dismissed, as no appeal will lie except from a final judgment at law.
The statute provides (ch. 1938, sec. 6, approved February 24, 1873,) that if the defendant shall fail to appear on the return day of the writ, the plaintiff may cause a default to be entered by the clerk against the defendant duly served, and thereupon he may proceed to take final judgment, as hereinafter provided. The seventh section says, that upon the entry of any default for want of appearance, demurrer, or plea, in any suit for the recovery of money founded on contract, and the action is on a written instrument for the payment of money, the plaintiff at any time after such default may, on the production and filing of such instrument, cause final judgment to be entered for the amount thereof with interest, and the clerk of the court shall assess the amount which the plaintiff is entitled to recover, for principal sud interest, and enter up judgment for the some. This would seem to be sufficiently plain. In this case there is judgment for default. The record does not show that the plaintiff produced to the clerk the note described in the declaration, or any other note. It does not show that the clerk assessed the amount due thereon, nor that final judgment was thereupon entered in favor of the plaintiff and against the defendant. The entry is lacking in every essential particular to constitute a final judgment or recovery' by one party against the other, and was no basis for the issuing of an execution. The record -should show the basis of the judgment, the production and filing of. the proof after default entered, whether the action is upon a note or an open account. Snell vs. Irvine, et al., 17 Fla., 234.
The appeal is dismissed with costs of the appeal against appellant, and the clerk will transmit a copy of the opinion herein to the court below, together with the mandate of this court.