P. B. Blount, Plaintiff in Error, vs. J. C. Gallaher, Defendant in Error.

1. On the rule day in March, 1884, which was the return day of a summons in assumpsit, the clerk made the following entry : "Judgment in default is hereby entered herein in favor of said plaintiff for the sum of $269.93 :" *Held*, That this was only a judgment by default.

2. A clerk of a Circuit Court in entering judgment by default acts in a mere ministerial capacity, and if he does not conform to the statute, (sec. 7, chap. 1938, acts 1873,) his proceedings will be without any binding force.

3. In entering a final judgment consequent upon a default, on an open account, the judgment should show what evidence was produced by the plaintiff to enable the clerk to ascertain and assess the damage and to show what was the basis of the judgment.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion.

*B. B. Blackwell* for Plaintiff in Error.

*White & Bryson* for Defendant in Error.

The Chief-Justice delivered the opinion of the court :

The defendant in error brought his suit in the Circuit Court of Suwannee county against P. B. Blount. The summons was returnable to the first Monday in March, A. D. 1884, on which day, his declaration having been filed, and the defendant not appearing, the plaintiff filed a præcipe requiring the clerk to enter a judgment by default, as follows : " It appearing from the records and files in above stated cause that plaintiff's præcipe for summons *ad respondendum* herein was filed, and that summons *ad respondendum* was issued and executed on the 21st day of February,

A. D. 1884, returnable to rule day in March, 1884, and that declaration was filed therein on said day, and that defendant failed to appear, plead, answer or demur thereto on said rule day, as required by law, it is, on motion and præcipe, upon consideration, adjudged that plaintiff do have, and judgment by default is hereby entered herein in favor of said plaintiff for the sum of two hundred and sixty-nine and 93-100 dollars, principal, and ——— dollars, costs, of which he may have final judgment." In entering the default, the clerk also gave judgment against the defendant for the $269.93. Afterwards, on the 4th day of March, 1884, the plaintiff filed his account, not verified by affidavit or otherwise. On the 29th day of March, the plaintiff filed his affidavit that the account filed on March 4th was just and due and unpaid.

Afterwards, on the 23d day of April, A. D. 1884, the plaintiff filed another affidavit verifying the account filed by him on the 4th of March previous. On the last mentioned day the clerk entered a final judgment against the defendant for $269.93, as follows: "This cause came on to be considered ; it is, upon consideration, adjudged that the above named plaintiff, J. C. Gallaher, do have and recover against the said defendant, P. B. Blount, judgment final for the sum of two hundred and sixty-nine and 93-100 ($269.93) dollars, as principal, and the sum of six and 87-100 dollars, as costs herein.

"It appearing from the records that præcipe herein for summons *ad respondendum* was filed on the 21st day of February, A. D. 1884, and summons *ad respondendum* issued thereon the 21st day of February, A. D. 1884, and that the same was returnable to the first Monday (rule day) in March, A. D. 1884, and that the same was executed by the sheriff on the 21st day of February, A. D. 1884, and that plaintiff's declaration

was filed on the third day of March, A. D. 1884, and that defendant failed to appear, plead, answer or demur to said declaration on rule day in March, to which the said summons was returnable, and that præcipe for judgment by default herein was filed 3d day of March, A. D. 1884, and judgment by default entered on said 3d day of March, A. D. 1884, for want of appearance therein by defendant; and it is further ordered, upon consideration, that plaintiff herein do have execution for said sum of two hundred and sixty-nine and ninety-three one-hundredth dollars, principal, and six and eighty-seven one-hundredth dollars costs herein expended."

The plaintiff in error assigns as erroneous, " that the judgment entered by the clerk was without proper evidence;" and, "because there are two judgments entered in the same case upon the same cause of action."

The first judgment entered is not a final judgment. It is, notwithstanding its phraseology, only a judgment by default. The statement of the amount due plaintiff, and giving judgment therefor, is mere surplusage.

This court, in Coons vs. Harllee, 17 Fla., 484, say : " On the rule day, being the return day of summons in assumpsit, the clerk made the following entry : 'there being no appearance, plea or answer, on motion of plaintiff's attorney judgment is given by default, in the sum of $202.68, principal and interest:' *Held*, That this is not a final judgment, but only a default."

It will be seen that in the final judgment, rendered April 23d, there is no allegation, or recital by the clerk therein, of any evidence having been submitted to him by the plaintiff to prove his claim. The final judgment should set forth fully what evidence was produced by the plaintiff. The mere fact of filing an affidavit where the judgment entry does not show that it was considered by

the clerk, or was the basis of the judgment, is insufficient.

In Kelly vs. VanAustin, 17 Cal., 564, Mr. Justice Field says: "The Clerk, in entering judgments by default, acts in a mere ministerial capacity; he exercises no judicial functions.

"The statute authorizes the judgment, and the clerk is merely an agent, by whom it is written out and placed among the records of the court. He must, therefore, conform strictly to the provisions of the statute, or his proceedings will be without any binding force."

In the case of Snell vs. Irvine, 17 Fla., 234, this court say: "The clerk, in ascertaining the amount which the plaintiff is entitled to recover, in an action on an open account, must act upon proofs produced and filed, upon entry of the default, and the record must disclose the fact."

In the case of Coons vs. Harllee, 17 Fla., 484, this court said: "And the fact of the production and filing of the note, and assessment of the amount due, should appear in the record, to authorize the entry of final judgment." See, also, Smith vs. Branch; Bank of Mobile, 5 Ala., 26.

Judgment reversed and the cause remanded with instructions that further proceedings therein be based on the judgment of default entered on the first Monday in March, A. D. 1884.