COLUMBIA COUNTY, PLAINTIFF IN ERROR, vs. THOMAS BRANCH, DEFENDANT IN ERROR.

1. B., as plaintiff, declared specially in the first count in his declaration on eight coupons set out *in haec verba,* and in a second count upon an account stated. Copies of coupons described in the first count alone were filed as a bill of particulars with the declaration. After demurrer sustained to plea of the defendant to the entire declaration, judgment by default for want of further plea was entered, and after sixty days from the entry of this default motion was made by defendant to open the default

as to the common count; *Held*, That the bill of particulars filed with the declaration applied to both counts in the declarationt and the court did not err in refusing to set aside the defaul, because of the absence of a bill of particulars to the common count.

2. In the absence of a bill of exceptions, the mere recitals of matters *in pais* in the record by the clerk will not authorize an appellate court to consider them as a part of the record brought up by writ of error.

3. Every reasonable presumption is indulged in favor of the correctness of the proceedings of the Circuit Court, but this presumption obtains in favor of its records in the absence of anything therein to overcome it. If the record shows that the count has proceeded erroneously, its action will be reversed on writ of error upon proper assignments of error.

4. Where a plaintiff takes a default upon a declaration with a definite cause of action filed therewith as a bill of particulars, and standing upon that default causes a final judgment to be entered. he is confined as to the amount of his judgment to the cause of action filed with the declaration, and it will be error for him, after the default has been entered, and while still insisting thereon, to amend the bill of particulars and take judgment for a much larger amount than was due on the original bill of particulars.

Writ of error to the Circuit Court for Columbia county.

The facts of the case are stated in the opinion.

*A. B. Hagen* and *Angus Paterson*, for the Plaintiff in Error.

*John W. Malone*, for the Defendant in Error.

MABRY, J. :

Suit was instituted by the defendant in error against the county of Columbia to recover on certain coupons representing interest due on bonds issued by said county. The declaration alleges in substance that in pursuance of a statute of the State of Florida, entitled "An act to provide for and encourage a liberal system of internal improvements in this State," the Board of County Commissioners of Columbia county, as authorized by a vote of the people of said county, subscribed for and took $100,000 of stock in the Atlantic & Gulf Central Railroad Company, and issued bonds of the county, of five hundred dollars each, for said stock, payable to bearer, with interest warrants or coupons attached, payable semi-annually, and delivered said bonds to said company ; that certain of said coupons set out in the declaration, being eight in number, each for $20, and numbered 14, 13, 12, 11, 10, 9, 4 and 3, were detached from said bonds and sold by said railroad company for value to purchasers, and that the plaintiff, defendant in error, became the owner, holder and bearer of said detached coupons, and that they are past due and unpaid.

The declaration contains also the following common count: "For that whereas also the said defendant on the first day of January, A. D., 1884, was indebted to the plaintiff in the sum of five thousand dollars upon an account then stated between them, and in considera-

tion of the premises the said defendant then promised to pay to the said plaintiff the said several sums of money on request, yet the said defendant has failed and refused to pay said moneys, or any part thereof, although frequently requested to do so, to plaintiff's damages five thousand dollars.'' Copies of the eight coupons set out in the declaration are filed therewith.

The county, by its attorney, first demurred to the declaration, and upon this demurrer being overruled by the court, interposed a plea of the statute of limitations to the several alleged causes of action mentioned in the declaration. A demurrer to this plea was sustained, with leave to the county to further plead, which it failed to do, and a judgment by default was entered against it on a rule day by the clerk.

More than ninety days after the entry of the default, the record shows that the county, by its attorney, made application to set it aside, or, as expressed in the motion for this purpose, ''to open and set aside so much of the default judgment entered by the clerk of said court in the above case, as is claimed to cover and apply to and include coupons not declared on in the special count in the declaration in said case—no coupons or copies of same having been filed in said case or bill of particulars, filed or served with summons in the case.'' The grounds of this motion, in substance, are: 1st. The declaration does not set forth in the special and common counts sufficient ground of action, and

no such original coupons or copies thereof were filed with the declaration, nor any bill of particulars filed in the case. 2nd. The clerk had no authority to enter a default as to evidence of indebtedness not specially declared on and filed with the declaration, and that the pretended entry of default of the clerk was a mistake as to his duty in the premises. 3rd. That defendant and its counsel were taken by surprise, and were not put sufficiently upon their guard by the pleadings in the case to enable them to put in such defense as they had and the law allowed in such cases.

We find copied into the record some affidavits which, it is claimed, were used before the judge on the application to set aside the default, but there is no bill of exceptions or anything tantamount thereto, showing that the affidavits were so used, and hence no reference need be made to them. The application to open the default was denied in vacation, February 12th, 1887, upon the ground, as stated in the order, that more than sixty days had expired since the entry of the default before the application was made to open it.

On May 20th, A. D. 1887, and during a term of court for Columbia county, the plaintiff, by his attorney, made a motion for leave to docket the case and file with the court coupons then produced, and for final judgment thereon. The following ruling was made on this motion: "Motion to file coupons granted; but motion to direct the clerk to enter judgment final denied.

Ruling as to entry of judgment excepted to by plaintiff, through his attorney, and noted accordingly."

During the term of the Circuit Court for said county, held in May, A. D. 1888, the plaintiff made a motion for final judgment in said cause, "upon the coupons filed therein," and this motion was granted, to which ruling defendant excepted, and its exception was noted by the judge. Thereupon the following judgment was entered; viz: "A default for want of a plea having been entered by the clerk in the above stated case on the 4th day of October, A. D. 1886, the same being a rule day, and the plaintiff having produced and filed the written instruments for the payment of money which constitute his cause of action, and the clerk having calculated the interest due thereon and found that the amount of $3,117 is due to the plaintiff thereon; therefore it is considered by the court that the plaintiff, Thomas Branch, recover of the defendant, the county of Columbia, of the State of Florida, the sum of $3,117 for his damages, together with $3.32 for his costs in this behalf sustained, and the defendant in mercy, &c." Defendant excepted to the judgment of the court and the exception was noted by the judge. A writ of error has been sued out by the defendant for the purpose of reversing this judgment.

One of the errors assigned is, that the court erred in refusing the application of the defendant to open the default.

It can not be maintained that the default, so far as it can apply to the common count in the declaration, was void, because no cause of action or copy thereof was filed with the declaration, and that the defendant was not required to plead thereto until this was done, or until a copy of the cause of action was served upon it. The plaintiff declared specially in the first count on eight coupons set out *in haec verba*, and in the second, upon an account stated. Copies of the coupons described in the first count alone are filed as a bill of particulars with the declaration. This bill of particulars applies to both counts in the declaration, and is the copy, in the present case, of the cause of action required by the statute to be filed with the declaration. If the plaintiff should fail on his special count, he might still, under proper showing, recover on the same cause of action under the common count. He would not be permitted, however, to recover under the common count on any cause of action not included in the bill of particulars filed with the declaration. Robinson vs. Dibble's Administrator, 17 Fla., 457. In this case a declaration containing common counts were filed with one account as a bill of particulars. After pleas had been filed by the defendant and the suit had been revived in the name of the administrator of the plaintiff, who had died in the meantime, the declaration was amended by adding a special count, and no further bill of particulars was filed. A motion to require the plaintiff to file a bill of particulars under the amended count in the declaration was refused. The court said : "If the particulars filed with the delar-

ation did not embrace and include the matters alleged in the amendment, the defendant's remedy against surprise was complete. He could have enforced the rule on the trial by which 'the parties are not allowed to give any evidence out of them.' " It does not make any difference how many counts a plaintiff may add to his declaration in actions *ex contractu*, he had no right to extend his recovery beyond the bill of particulars which he files with his declaration. If a declaration containing a good cause of action is filed without any bill of particulars and a defendant pleads to it, the plaintiff may sustain his declaration with proof (Waterman vs. Mattair, 5 Fla., 211); but where he files a bill of particulars with his declaration he has no right as against the defendant to go beyond them. In the present case there was a bill of particulars filed with the declaration, and the court did not err in refusing to set aside the default because of the absence of a bill of particulars to the common count.

Another assignment of error is, that the court "erred in giving judgment on the coupons not declared upon in the declaration after the payment of the coupons described and filed, with interest and costs, and after waiting sixty days after default before taking any steps to bring in those coupons not de lared upon." There is a recital in the record, that on a date mentioned, being eleven days after the default was entered, and before the application for final judgment was made, all the original coupons described in the declaration were filed and paid. No importance can,

however, be attached to this recital by us as there is no record entry of this fact any where in the case, no bill of exceptions making it a part of the record, and the mere recital of it in the transcript by the clerk will not authorize us to consider it as a part of the record brought up by the writ of error.

There is no bill of exceptions in this record, and no exceptions taken by the defendant below, other than to the entry of the final judgment. The entry of this judgment is assigned for error on various grounds, but its vitality must depend upon the record properly before us. It is apparent upon the face of the record that the judgment recovered could not properly be entered upon the cause of action filed as a bill of particulars with the declaration when the default was taken. This bill of particulars consisted of eight coupons of twenty dollars each, bearing the dates of their execution and the times of their maturity. The amount of the judgment rendered is more than six times as much as the principal and interest on these coupons, at the date of its rendition. Confining the recovery in this case to the coupons filed as a bill of particulars when the default was entered, there is manifest error in the judgment upon the record. Counsel for defendant in error concedes in his brief that the judgment can not be sustained on the first or special count, but he insists that the recovery can be upheld under the second count for any "stated and admitted indebtedness, including coupons, to the amount of $5,000." He also contends that the present judgment having been entered under the directions of the court in term

time, and not by the clerk under statutory authority conferred upon him, it must be presumed that the judgment was rightly entered. It is true, we think, that there is a difference as to the presumption of correctness in the rendition of a final judgment in term time by the Circuit Court, and the entry of it by the clerk. The clerk's entry must be sustained by affirmative record evidence of every essential fact, even the proof upon which he entered the judgment. Snell vs. Irvine and Densler, 17 Fla., 234; Coon vs. Harllee, *Ibid*, 484; Blount vs. Gallaher, 22 Fla., 92. On the contrary, every reasonable presumption is indulged in favor of the correctness of the proceedings of the Circuit Court, but this presumption obtains in favor of its records in the absence of anything therein to overcome it. If the record shows that the court has proceeded erroneously, its action will be reversed on writ of error, upon proper assignments of error.

We have just seen that the judgment in the present case could not properly be entered upon the coupons filed as a bill of particulars with the declaration when the default was entered, but the record shows that after the default was entered the plaintiff made a motion for leave to file coupons then produced to the court, and for final judgment thereon, and that the motion to file the coupons was granted, though the motion for final judgment was denied. What coupons were produced to the court on this motion is not disclosed therein, and the legal inference, in the absence of anything to the contrary, is that they were the originals of the coupons filed as a bill of particulars with

the declaration. We find set out in the transcript, following the entry of the motion for leave to file coupons and for final judgment, copies of sixty coupons of twenty dollars each, other than those described in the declaration, with the recital that they were filed by order of the court. Counsel for defendant in error contends that these coupons can not be considered as a part of the record in this case because they do not come to us under the sanction of a bill of exceptions from the hands of the judge. If we can not consider these coupons as a part of the record in the cause, then the judgment is manifestly wrong, because the legal presumption, in the absence of anything to the contrary, is that the coupons filed by leave of the court, and upon which judgment was rendered, were the originals of the copies filed as a cause of action with the declaration. We have just seen that the plaintiff could not legally enter judgment upon them for any such amount as he has recovered. But if we indulge the presumption that other coupons than those filed as a cause of action with the declaration, were filed by leave of the court, and judgment was entered upon them, then we have an amendment of plaintiff's bill of particulars after default taken, and this, in effect, opened the default. It is evident, however, that the plaintiff stood upon his original default in this case, and the judgment entered was upon that default. The record shows this fact, and also after the plaintiff had taken default with a definite cause of action filed as a bill of particulars

with the declaration, he caused to be entered upon that default a final judgment for a much larger amount than the said bill of particulars authorized. In any view we take of it there was error. The judgment *entered* could not properly be taken upon the default on the causes of action originally filed, and if we concede that other causes of action were filed after the default, by leave of the court, the plaintiff could not stand upon his said default and take judgment thereunder on such causes of action.

A motion has been made here by defendant in error to strike out a portion of the record, on the ground that it is not properly part thereof, and not reviewable upon a writ of error. Our conclusion is based upon that part of the record not objected to, and hence nothing more need be said in reference to this motion.

The judgment of the Circuit Court will be reversed and the cause remanded.