E. E. ROPES, APPELLANT, VS. THE SNYDER HARRIS BASSETT CO., APPELLEE.

1. The Circuit Court Common Law Rule No. 15 requires all pleas to be sworn to. Where pleas are filed without being sworn to it is not error, upon motion of the opposite party, to strike them from the files.

2. The power of the clerk to enter final judgments consequent upon defaults in pleading is entirely statutory, and should be strictly pursued.

3. It is not sufficient in a judgment upon default for the clerk to merely recite that the plaintiff "produced the proof of the claim sued upon." The rule provides that "no judgment upon default shall be entered by the clerk until after filing the proofs

34

required by law, all of which shall be in writing and filed with the papers in the case." The nature of the evidence produced and upon which the judgment was entered should have been set forth, and the record should show that the clerk acted upon proofs produced upon the entry of the default.

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*E. E. Ropes*, in pro per., for Appellant.

*Arthur F. Odlin*, for Appellee.

LIDDON, J.: ·

The appellee recovered a judgment in the Circuit Court against the appellant. The record is so unskillfully prepared that it is exceedingly difficult to ascertain the merits of the case. The assignments of error allege as erroneous many rulings of the court below, while the record does not show that any such rulings were made in the case. The brief of appellant discusses many matters which are not mentioned in either the assignment of errors or the transcript of the record. The assignments of error are eighteen in number, but only two of them which are argued appear to be based upon matters shown by the record. Separated from the irrelevant matters with which they are connected, and the mass of verbiage with which they are obscured, these assignments are, in effect, (1) that the court erred in granting the motion of appellee (plaintiff below) to strike out the pleas of the defendant, and (2) that the judgment entered in the case was improper and defective. Examination of the record shows that the suit

was brought October 12th, 1891, and that the pleas stricken out were filed December 7th, 1891. On the first of February, 1892, the plaintiff made a motion to strike these pleas and to enter up judgment for want of a plea, upon the ground, among others that the pleas were not sworn to. This motion was granted, as appears by the judge's order, February 4th, 1892. The clerk's filemark shows this paper to have been filed February 1st, 1892. Appended to the pleas is a jurat dated February 4th, 1892. Guided by the rule that all intendments are in favor of the judgment of the lower court, we must find that this jurat was added to the pleas after the order was made striking them from the record. The appellant in his brief admits such to be the fact.

There was no error in striking the pleas from the record. The rule of court (Circuit Court Common Law Rule No. 15) requires that pleas shall be sworn to. The judgment appealed from appears to have been entered February 1st, 1892. Several reasons are stated upon which it is claimed that the judgment is improper and defective. Among other grounds of attack upon the judgment it is alleged it does not appear to have been entered upon such proof as the statute requires in cases of judgment by default, and was entered without any default previously entered in the case. The relevant portion of the judgment is as follows: "And now on this 1st day of February, A. D. 1892, come the plaintiff by attorney Alex. St. Clair-Abrams and moves for final judgment and produce the proof of claim sued upon and mentioned in the declaration and the clerk having ascertained that there is due the plaintiff" (here amounts of principal and interest are stated) "and a default having been made on

the —— day of —— A. D. 188— and duly entered against the defendant for want of plea or answer to the plaintiff's declaration herein filed, thereupon it is considered by the court" etc.

The suit was upon an open account. The statute provides that in such cases "upon the entry of a default the clerk shall ascertain the amount which the plaintiff is entitled to recover in such action from the examination of the plaintiff under oath or other proofs by affidavit or otherwise, and enter up the judgment for the amount so assessed or ascertained." Section 7, Chapter 1938 laws of Florida, acts of 1873, section 36 McClellan's Digest p. 821, 822; Revised Statutes, section 1035. The power of the clerk to enter these judgments should be strictly construed. "He must conform strictly to the provisions of the act, or his proceedings will be without binding force." Kelly vs. VanAustin, 17 Cal. 564 cited with approval in Blount vs. Gallaher, 22 Fla. text page 95. It is not sufficient in a judgment upon default upon an open account for the clerk to merely recite that the plaintiff "produced the proof of the claim sued upon." The rule applicable to judgments in such cases provides that "no judgment upon defaults shall be entered by the clerk until after filing the proofs required by law all of which shall be in writing and filed with the papers in the case." Circuit Court Common Law Rule No. 31. The record of the entry of the judgment does not show the nature of the proof produced before the clerk, not whether it was oral or written. The nature of the evidence produced and upon which the judgment was entered should have been set forth. The record should disclose the fact that the clerk acted upon proofs produced and filed upon the entry of the default. The

record in this case does not show any filing of the proof. Blount vs. Gallaher, 22 Fla. 92; Snell vs. Irvine, 17 Fla. 234; Coons vs. Harllee, 17 Fla. 484. As above stated we think the pleas were properly stricken because not sworn to—but the record shows that the final judgment had been entered before the pleas were stricken. The rule requiring all pleas to be sworn to, the plaintiff had the right at the proper rule day to disregard these pleas and procure the entry of a default for want of a plea. The clerk recites that a default had been duly entered for want of a plea upon a date stated in blank. The record does not show any such entry of default. The striking out of the pleas after the entry of the final judgment was entirely superfluous and unnecessary.

The judgment appealed from is reversed with directions that the appellant, defendant below, be permitted to plead to the declaration within thirty days of the filing of the mandate of this court in the court below, and that such other proceedings be had in said case as is consistent with law and this opinion.