THE SOUTHERN INSURANCE COMPANY, OF NEW OR-
    LEANS, A CORPORATION EXISTING AND DOING BUSI-
    NESS UNDER THE LAWS OF LOUISIANA, PLAINTIFF
    IN ERROR, VS. W. S. SMITH-TYLER, DEFENDANT IN
    ERROR.

1. An entry of final judgment by the clerk, after default, must be sustained by affirmative record evidence of every fact

essential to show that the act of the clerk was authorized and legal.

2. Where a plaintiff confesses a demurrer to his declaration by filing an amended declaration, under Rule 30 of Rules of Circuit Court, a copy of such amended pleading must be served on the adverse party before he is required to reply thereto. A default entered against him for failure to plead to such amended declaration, where no notice or copy of same are served on him, is illegal and should be set aside.

3. A paper purporting to be a copy of a letter from plaintiff's attorney to defendant's attorney, asserting that a copy of an amended declaration was therein enclosed, filed with the clerk by plaintiff's attorney some months after the entry of final judgment against defendant with nothing more, is not evidence that such copy of the amended declaration was served on, defendant.

Writ of Error to the Circuit Court for Orange County.

The facts of the case are stated in the opinion of the Court.

*A. W. Cockrell & Son* and *J. M. Cheney* for Plaintiff in Error.

*Jones & Jones* for Defendant in Error.

MAXWELL, C.

In April, 1895, suit was instituted by the defendant in error, plaintiff below, against the plaintiff in error to recover upon an insurance policy, for loss by fire. Declaration was filed containing one special count based upon the policy of insurance, and several of the common counts. The defendant demurred to the first count of the declaration and filed a plea to the common counts. The plaintiff

thereupon filed an amended declaration, to which the defendant demurred, and on October 23rd, 1895, the plaintiff, without obtaining leave, but acting under Rule 30, Common Law Rules for the Circuit Court, filed in the clerk's office a second amended declaration. On the rule day in December following, a default was entered by the clerk against the defendant for failure to plead to the second amended declaration, and on February 8th, 1896, he entered final judgment for the plaintiff for $750 and interest upon the cause of action declared on in the second amended declaration. On May 4th, 1896, the plaintiff filed what is stated "notice of filing amended declaration" as follows:

"Orlando, Fla., Oct. 19th, 1895.
*Mess. A. W. Cockrell & Son, Jacksanville, Fla.*:
     "Dear Sirs—Your letter of the 18th inst. received. We found it necessary to amend our pleadings and herewith enclose you copy of amended declaration in Smith-Tyler vs. Southern Insurance Company. * * * Thanking you for all courtesies, we remain,
     "Yours very truly,          Jones & Jones."

August 1st, 1896, the defendant sued out writ of error to this court, and one of the errors assigned is that the clerk had no authority to enter a default on December 2, 1895. The default entered by the clerk was for failure on the part of the defendant to plead to an amended declaration filed by plaintiff, demurrer to the previous declaration being confessed. In order that the defendant should be required to plead to such declaration, he must have notice thereof. Rule 30 *supra*. Without such notice he would be under no obligation to plead, and a default entered against him for failure to do so would be unau-

thorized and illegal. Haight v. Schuck; 6 Kan. 192; Elder v. Spinks, 53 Cal. 293. In order that the clerk should enter a valid default judgment against a defendant, it must appear from the record that his act was authorized. "The clerk's entry must be sustained by affirmative record evidence of every essential fact, even the proof upon which he entered the judgment. Snell v. Irvine and Densler; 17 Fla. 234; Coons. v. Harllee, Ibid. 484; Blount v. Gallaher, 22 Fla. 92;" Columbia County v. Branch, 31 Fla. 62, text 71, 12 South. Rep. 650. The only thing in the record before us tending to show that the defendant had received any notice of the filing by plaintiff of the amended declaration of October 23rd, 1895, is what purports to be a copy of a letter from plaintiff's counsel to defendant's counsel dated October 19th, 1895, already referred to, stating that they enclosed copy of such amended declaration. This was filed in May, 1896, nearly three months after the final judgment entered by the clerk, but is endorsed filed "by consent of counsel as of Oct. 19th, 1895. Nunc pro tunc. Jones & Jones, Attys. for Pl." Assuming that it was duly filed and properly before us, there is nothing to show that the original was ever forwarded by plaintiff's counsel to defendant's counsel, nor that it contained the enclosure stated, nor that either letter or enclosure ever reached defendant's counsel. It therefore clearly appears that in this case no service of any sort is shown. The entry of default and of final judgment thereon by the clerk were without authority and erroneous.

The final judgment should be reversed, the default set aside, and the cause remanded for further proceedings according to law.

GLEN, C., and HOCKER, C. concurred.

PER CURIAM.'

The foregoing opinion has ǀbeen examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.