D. S. REGISTER AND C. R. BATTLE, PARTNERS TRADING AND DOING BUSINESS AS D. S. REGISTER & COMPANY, *Plaintiffs in Error,* v. PRINGLE BROTHERS, A CORPORATION, *Defendant in Error.*

1. Where the defendant in an action at law waits until the Rule day on which he is required to plead to file a motion for a more definite bill of particulars, and such motion is of such a character that the plaintiff is justified in treating it as a nullity, he may disregard it and cause the Clerk to enter a default for failure to plead or demur.

2. The object of Section 1449 of the General Statutes of 1906 and Rule 14 of Circuit Court Rules in Common Law Actions in requiring the cause of action, or a copy thereof, in the class of instruments designated therein, to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the cause of action alleged against him, in order that he may plead thereto with greater certainty.

3. In an action of assumpsit brought by a wholesale merchant against a retail merchant upon an open account, wherein the declaration is in the usual form in such cases, containing the common counts, and the copy of the cause of action attached thereto consists of an invoice or itemized bill or account in the form customarily used between wholesale and retail merchants, the plaintiff is justified in disregarding a motion filed by the defendant for a more definite bill of particulars on the ground that the bill of particulars so filed is too indefinite, vague and uncertain to enable the defendant to plead to the declaration and in treating such motion as a nullity, especially when the same is not filed until the Rule day on which the defendant is required to plead, and in causing the Clerk to enter a default for failure to plead or demur.

4. The practice of waiting until the very day on which a plea or demurrer is due to file a motion for a more definite bill of particulars is disapproved. In furtherance of justice, such motions should be filed and called up for disposition as early as practicable.

5. While section 1425 of the General Statutes of 1906 authorizing the entry of a final judgment by the Clerk of the court, after a default, must be strictly complied with, where it affirmatively appears on the face of such final judgment that proof was produced before such clerk and also what that proof was, such judgment is not voidable by reason of the fact that the affidavit to the account, upon which proof such judgment was entered, was made prior to the date of the default.

This case was decided by Division A.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for Plaintiffs in Error;

*Hendry & McKinnon,* for Defendant in Error.

Register *et al.* v. Pringle Bros.—Opinion of Court.

SHACKLEFORD, J.—The defendant in error brought an action of assumpsit against the plaintiffs in error in the Circuit Court for Taylor County. The declaration was filed on the 6th day of January, 1908, but service was not had on the defendants until the 3rd day of February, 1908. With the declaration as the cause of action was filed an itemized account of goods, wares and merchandise alleged to have been sold by plaintiff to defendants and for the price of which the action was brought. The affidavit of the secretary of the plaintiff corporation, dated the 30th day of September, 1907, was attached to the account. On the 2nd day of March, 1908, the defendants entered their appearance and on the 6th day of April, 1908, filed a motion for a more definite bill of particulars, to which motion was attached the following affidavit:

"Before me on this day personally came W. B. Davis, and he being by me first duly sworn, says that he has examined the bill of particulars filed and attached to plaintiff's declaration in the foregoing cause; that he, affiant, is of counsel for defendants in said cause and that said bill of particulars is so indefinite, vague and uncertain in that it does not show the amount of the articles purchased, the value of the articles and such other things as are required to be shown to make said bill of particulars definite and sufficient for defendants to plead and answer to the declaration filed in said cause.

W. B. Davis.

Sworn to and subscribed before me this 6th day of April, A. D. 1908.

(SEAL)                    John C. Calhoun, Clerk,
                          By Roscoe E. Lee, D. C."

On the 1st day of June, 1908, the plaintiff filed a praecipe for default and on the same day a default judg-

ment was entered by the clerk of said court. On the 21st day of August, 1908, the following order for a final judgment was made:

"The foregoing cause came on this day to be heard upon motion of plaintiff's attorneys for a final judgment; and it appearing that a default judgment has been regularly entered in said cause against the defendants on Rule day in June, 1908; and that the Hon. B. H. Palmer, Judge of said court, is now absent from the State of Florida, it is, therefore, thereupon ordered and adjudged that the clerk of said court, upon the filing of proofs of claim sued upon as required by statute 'in such case, enter a final judgment against the said defendants in said cause.

Done and ordered at Jacksonville, Florida, this 21st day of August, 1908.                    R. M. Call,

Judge 4th Judicial Circuit, State of Florida."

On the 1st day of August, 1908, the following final judgment was entered by the clerk:

"The defendants having been adjudged on the 1st day of June, 1908, to be in default for want of plea or demurrer, or other proper pleading, to the declaration in this cause, and the plaintiff having moved for final judgment consequent upon such default, and the Judge of the 4th Judicial Circuit of Florida in the absence from the State of the Judge of this court, by his order dated August 21, 1908, directed that said final judgment be entered herein; and the plaintiff having produced and filed the account sued upon, duly proven, and the court having ascertained the amount which the plaintiff is entitled to recover upon the open account sued upon by affidavit made by Geo. T. Radcliff, Jr., and filed herein, and found the same to be Eight Hundred, Eighty-four

Register *et al.* v. Pringle Bros.—Opinion of Court.

Dollars and forty-one cents; it is now, therefore, considered by the court that the said plaintiff do recover of the said defendants the said sum of Eight hundred eighty-four Dollars and forty-one cents, as principal and interest, and the further sum of Six ($6.71) Dollars and seventy-one cents as costs.

Done this 1st day of Sept. 1908.

(SEAL)                          John C. Calhoun,
              Clerk Circuit Court, Taylor Co., Fla.

Entered filed and recorded in office this 1st day of Sept. A. D. 1908.              John C. Calhoun, Clerk.

The above judgment was entered and rendered upon the following proof:

State of South Carolina,
    County of Charleston.

Personally appeared before me Geo. T. Radcliff Jr., who on oath says that he is Secretary of Pringle Brothers of Charleston, State of South Carolina and that the attached claim against D. S. Register & Co. Perry, Florida, amounting to Eight Hundred, Thirty-nine & 27-100 Dollars ($839.27) is just, true and correct and that no part of said debt has been paid except that which appears in the itemized statement hereto attached.

Sworn to before me this 30th day of Sep't., A. D. 1907.
        F. A. Kirk,
(SEAL)   Notary Public Co. Ca.      Geo. T. Radcliff, Jr.

Which was filed in office with the declaration January 6th, 1908."

The defendants seek a reversal of this judgment here by writ of error and have assigned two errors as follows:

"The Court erred:

First: In entering default against the defendants when

there was a motion for a more specific bill of particulars on file and when defendants were not in default:

Second: The court erred in entering final judgment in said cause."

This court in Dudley v. White, 44 Fla. 264, 31 South. Rep. 830, held that "if a motion to dismiss filed by the defendant in an action at law within the time allowed by the statute for filing a plea or demurrer be of such a character that the plaintiff will be justified in treating it as a nullity, he may disregard it, and cause the clerk to enter a default for failure to plead or demur, but if the motion be not of that character, no default can be entered until the motion is disposed of." We fully approve of the reasoning in the opinion rendered in that case, and it applies with equal force to a motion for a more specific bill of particulars. The point now presented to us for consideration and determination is as to the character of the motion filed in the instant case. We have a long line of decisions to the effect that the object of the statute and rule in requiring the cause of action, or a copy thereof, to be filed with the declaration, is to have the plaintiff apprise the defendant of the nature and extent of the cause of action alleged, in order that he may plead thereto with greater certainty. Such authorities will be found collected in State v. Seaboard Air Line Ry., 56 Fla. 670, text 678, 47 South. Rep. 986, text 989. If it plainly appears that the copy of the cause of action attached to the declaration in the instant case sufficiently complied with such statute and rule to accomplish their purpose, then it necessarily follows that plaintiff was justifiable in disregarding the motion and causing the default judgment to be entered. Upon inspection, we find that the declaration is in the usual form in such cases, containing the common counts, and that the copy of the cause of action attached thereto consists of an invoice or itemized bill or

account in the form customarily used between wholesale and retail merchants. The contention that it is too indefinite, vague and uncertain to enable the defendants to plead to the declaration is utterly without merit and cannot be seriously entertained. We are not enlightened upon this point by the defendants' brief. The Judge of the Fourth Judicial Circuit, acting in the absence of the Judge of the Third Judicial Circuit, found that the judgment by default had been properly and regularly entered, and we fully concur with him in such finding. We are further of the opinion that the practice of waiting until the very day a plea or demurrer is due to file a motion for a more definite bill of particulars is not to be commended, to say the least of it. In the furtherance of justice, such motions should be filed and called up for disposition as early as practicable. The first assignment signally fails.

We pass now to the consideration of the second assignment as to whether or not the court erred in entering final judgment. It is contended that the clerk was not warranted or authorized in entering final judgment upon the production and filing of the same sworn or verified account which had been filed with the declaration. It is settled law here that the statute (now section 1425 of the General Statutes) authorizing the entry of a final judgment by the clerk, after default, must be strictly complied with. See Ropes v. The Snyder-Harris Bassett Co., 37 Fla. 529, 20 South. Rep. 535; Southern Insurance Co. v. Smith-Tyler, 43 Fla. 297, 31 South. Rep. 247; Glens Falls Insurance Co. v. Porter, 44 Fla. 568, 33 South. Rep. 473. Other decisions of this court will be found referred to in these cited cases. However, it cannot be seriously contended that the judgment in question is void on its face, for not only does it affirmatively appear that proof was produced before the clerk but it is also shown what

such proof was. See Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563, and Lord v. Dowling, 52 Fla. 313, 42 South. Rep. 585. But it is contended that such judgment is voidable and, since it is directly attacked upon writ of error, should be reversed for the reason. that the affidavit to the account, upon which proof the judgment was entered, was made in September, 1907, while the judgment was not entered until September, 1908. No authorities are cited to support this contention, and we are of the opinion that it is untenable. Possibly it might be the safer and better practice to have the affidavit in such cases made after the entry of the default, though that would not seem to be imperative. So far as is disclosed, no attempt was made to have the trial judge open up the default. The second assignment has not been sustained, therefore the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.