J. M. SAUCER, *Plaintiff in Error,* v. J. E. VINCENT, *Defendant in Error.*

Opinion Filed October 20, 1921.

1. The authority of the Clerk of the Circuit Court to enter final judgments consequent upon defaults, is derived entirely from the statute, which must be strictly followed.

2. The statute, Section 1035 Revised Statutes (Section 2622, Revised General Statutes of 1920) that gives authority to clerks to enter final judgments contemplates that the clerk can enter a final judgment after default only in those cases where the cause of action is purely and simply a money demand founded upon a contract for the payment of money only. In cases where extrinsic evidence *dehors* the contract sued upon is necessary to ascertain the amount to be recovered the clerk has no authority to entertain such evidence or to found a final judgment thereon.

A Writ of Error to the Circuit Court of Seminole County; C. O. Andrews, Judge.

Judgment reversed.

*Dickinson & Dickinson,* for Plaintiff in Error;

*George G. Herring,* for Defendant in Error.

BROWNE, C. J.—The declaration in this suit which was brought by J. E. Vincent against J. M. Saucer contained the common counts, (1) for goods bargained and sold; (2) for work done and materials furnished; (3) for money lent by the plaintiff; (4) for money paid by the plaintiff for the defendant at his request; (5) for money received by the defendant for the use of the plaintiff; (6) for money found to be due on accounts stated between them, and (7) for interest on divers sums of money.

The following is a copy of the cause of action that was attached to the declaration:

"1919

| | | | | |
|---|---|---|---|---|
| Nov. 18. | | Use of launch 35 days @ $3.00 from Oct. 9th, 1919, to Nov. 18, 1919 | | $105.00 |
| | | Use of two row boats from Oct. 9, 1919, to Jan. 9th,1920, @ 25c each per day, 80 days | | 40.00 |
| | | Use of three row boats, 7 days, do | | 5.25 |
| | | Two row boats retained | | 35.00 |
| | | One anchor lost | | 11.00 |
| | | Damage done to launch, Regal, breaking out window and front of cabin | | 10.00 |
| | | Damage done to launch, Regal, burning out bearings for lack of grease | | 10.00 |
| | | Time, setting engine up | | 15.00 |
| | | Time, taking engine down | | 5.00 |
| | | Use of row boat by Wise | | 10.00 |
| Nov. 3d. | 15 | gal. gas | | 4.20 |
| Nov. 4th. | 10 | " " | | 3.00 |
| Nov. 11th. | 15 | " " | | 4.20 |
| Nov. " | 5 | " cylinder oil | | 1.00 |
| Nov. " | 1 | " " " | | .75 |
| Nov. 13th. | 5 | " gas | | 1.40 |
| Nov. " | 5 | " " | | 1.50 |
| Nov. 21. | 5 | " " | | 1.50 |
| Nov. 30. | 5 | " " | | 1.40 |

$255.20

Credits
None"

There was judgment by default on the rule day of January, 1921, and on the 13th of January, the Clerk of the Circuit Court entered final judgment in the sum of $255.20, principal, $6.81 interest and $7.33 costs.

On the 7th of March the defendant filed a motion to vacate and set aside the final judgment as illegal, null and void, because the damages claimed were not based upon a contract either oral or written, and that a number of the items in the account sued on, were for trespass and damage to property, for the detention of property and for repairs to same.

After hearing this motion the Circuit Judge ordered that "if the plaintiff shall within 20 days enter a remittitur of $31.00 covering the items for one lost anchor, and for the two items of damages done to launch, as shown by statement of account filed before the Clerk and bill of particulars attached to the declaration, the motion to vacate and set aside the judgment be and the same is hereby denied; that if such remittitur shall not be made within above date the motion to vacate and set aside said judgment is hereby granted, and the said judgment is hereby vacated and cancelled of record." The plaintiff thereupon filed a remittitur for the sum of $31.00, and the defendant took a writ of error to this Court, assigning as errors (1) the entering of the final judgment by the Clerk, and, (2) the denial by the Circuit Judge of the defendant's motion to vacate and set aside the judgment.

The rule is well settled in this jurisdiction that the authority of the Clerk of the Circuit Court to enter final judgments consequent upon defaults, is derived entirely from the statute, which must be strictly followed. Blount v. Gallaher, 22 Fla. 92; Snell v. Irvine, 17 Fla. 234; Ropes

v. Snyder Harris Bassett Co., 37 Fla. 529, 20 South. Rep. 535; Glens Falls Ins. Co. v. Porter, 44 Fla. 568, 33 South. Rep. 473; Parker v. Dekle, 46 Fla. 452, 35 South. Rep. 4.

·In the case of Glens Falls Ins. Co. v. Porter, *supra,* the Court said: "The statute, Section 1035 Revised Statutes, that gives authority to clerks to enter final judgments contemplates that the clerk can enter a final judgment after default only in those cases where the cause of action is purely and simply a money demand founded upon a contract for the payment of money only. In cases where extrinsic evidence *dehors* the contract sued upon is necessary to ascertain the amount to be recovered the clerk has no authority to entertain such evidence or to found a final judgment thereon."

In the case of Parker v. Dekle, *supra,* this question is fully discussed. That was the suit on a promissory note, and this Court held that while the Clerk of the Circuit Court was authorized by the statute to enter final judgment for the amount of the note and interest, he had no authority to receive testimony as to what was a reasonable attorney's fee, and for the error in including in the final judgment an amount for attorney's fee, the final judgment was declared null and void, and the cause reversed. The question of the validity of the final judgment entered by the clerk was not raised and the assignments of error upon which the plaintiff in error relied, were found to be without merit, but this Court held that a statutory judgment entered by the Clerk of the Circuit Court was jurisdictional and fundamental, and said: "Where the record itself discloses a jurisdictional or other fundamental error, such as that the court below in entering the judgment was without jurisdiction, or that the judgment is void on its face, such

matter may be considered by this Court, even though no error be assigned expressly presenting same.''

There are items in the cause of action sued on in the instant case, other than those that the Circuit Judge sought to eliminate from the amount of the judgment entered by the clerk, which are something more than ''a money demand founded upon a contract for the payment of money only.''

There is no allegation in the declaration that there was any contract for the hire of the launch and row boats for any particular time or for any specified rate per day, nor was there any contract or agreement as to the right of the defendant to retain any row boats, and what amount of damages he should pay for their retention. Even assuming that there was a contract between Vincent and Saucer for the hire of the launch and boats, it nowhere appears in the declaration or in the testimony, that Saucer's time in setting up and taking down an engine, or the use of a row boat by somebody by the name of ''Wise'' was included in the contract.

What was reasonable compensation for Saucer's time in putting up and taking down the engine, and for the use of a boat by Wise, as well as other items in the statement of the cause of action, required extrinsic evidence *dehors* the contract sued upon, if one existed, to ascertain the amount to be recovered, and brings the proceeding by the clerk within the rule laid down in Glens Falls Ins. Co. v. Parker, *supra,* that ''the clerk has no authority to entertain such evidence or to found a final judgment thereon.''

It follows, that the final judgment entered by the Clerk

of the Circuit Court is null and void, and the motion to vacate such final judgment should have been granted.

For these errors, the judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.