A. R. DOUGLASS, LEROY B. GILES and GEORGE W. KEOPKA, *Plaintiffs in Error,* v. C. H. OEMLER, *Defendant in Error.*

Division B.

Opinion filed September 27, 1929.

*Dickenson & Dickenson,* for Plaintiffs in Error;

*George B. Carter,* for Defendant in Error.

BUFORD, J.—The plaintiffs in error here were defendants in the court below. The suit was a common law action in which a declaration containing seven (7) counts was filed. The first six counts were the common counts and the 7th was a special count on contract. The contract referred to in this count was attached to the declaration and made a part of the 7th count. A statement was attached to the declaration designated a bill of particulars. This so-called bill of particulars was merely a list of items with figures preceded by the dollar mark after the respective items. It bore no dates and did not appear to be an account stated between the parties.

Service was had and default was entered against all the defendants and at a succeeding term of court the case came on to be tried. Defendants appeared and contested the amount of damages. On motion of plaintiff verdict was directed on count No. 6. This was a common count on ''accounts stated.'' The verdict was a general verdict for the full amount claimed. Motion for new trial was made and granted.

At a succeeding term of the court an order was made and entered by the court directing the clerk of the court to enter final judgment on the filing of proofs. Defendants filed a motion to set aside the order directing the clerk to enter final judgment and attached to motion a copy of all the testimony taken on the trial of the cause at the former

term of the court and requested the judge to refer the case to a jury trial for the ascertainment of damages. This motion was denied and afterwards, on March 1st, 1928, the clerk entered a final judgment on certain proofs filed. Later motion was made by defendants to vacate and set aside the judgment, which motion was denied. Thereupon, writ of error was sued out.

A number of assignments of error are presented but it will be necessary for us to discuss those which deal with the question of authority of the clerk to enter a final judgment in a case of this kind.

The record of the testimony which was before the court establishes the fact that extrinsic evidence *dehors* the contract, out of which the litigation grew, was necessary to ascertain the amount to be recovered.

This Court in Parker v. Dekle, 46 Fla. 452, say:

"The statute (Section 1035, Rev. Gen. Stats.) that gives authority to clerks to enter final judgments contemplates that the clerk can enter final judgment after default only in those cases where the cause of action is purely and simply a money demand founded upon a contract for the payment of money only. In cases where extrinsic evidence *dehors* the contract sued upon is necessary to ascertain the amount to be recovered, the clerk has no authority to entertain such evidence or to found a final judgment thereon.

"The proper practice in an action at law, where testimony is necessary for the ascertainment of damages, is to have the assessment of damages in such case made by a jury.'"

See also Glens Falls Insurance Co. v. Porter, 44 Fla. 568; and Saucer v. Vinson, 82 Fla. 296, 89 So. R. 802.

It, therefore, appears that the clerk was without lawful authority to enter judgment.

The judgment should be reversed and it is so ordered..

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.