JAMES MCKAY, PLAINTIFF IN ERROR, *vs.* CHRISTOPHER L. FRIEBELE, DEFENDANT IN ERROR.

1. Where the demurrer is to the whole declaration, and it is found to contain one good count, the judgment on the demurrer must be for the plaintiff.

2. A variance between the amount of damages laid in the *præcipe* and that in the declaration, affords no ground upon which to predicate a writ of error.

3. Where an amendment in matter of form is allowable, this Court will give to the party entitled to the amendment the full benefit of it, as though it had been actually made.

4. Where exception is taken to a particular instruction which is within the

limits of, and relevant to the issue joined, the evidence upon which the instruction is based must be fully and properly presented in the record.

5. The only mode of bringing up to this Court the evidence used below in a common law suit, is by incorporating it into a "bill of exceptions," duly attested by the signature of the judge, or of three bystanders, as is prescribed by the statute.

This case was decided at Tampa.

Friebele brought his action of assumpsit against McKay in Hillsborough Circuit Court, stating the damages in the *præcipe* at $249 50.

The declaration is as follows:

For that whereas, heretofore, to wit: on the seventh day of April, one thousand eight hundred and fifty one, the said James McKay made, and entered into a certain instrument of assignment, which is as follows:

This instrument of assignment made the seventh day of April, A. D. 1851, by Joseph W. Fitch and Harrison R. Blanchard of the first part, assigns, and James McKay assignee, witnesseth: Whereas, the said Joseph W. Fitch and Harrison R. Blanchard have each an undivided right and interest in, and to a certain quantity or number of pieces of Red Cedar timber now afloat in Raft in the Hillsborough River, in number about thirteen hundred pieces, measuring by estimation about twelve thousand cubic feet, and which said timber, the said Fitch and Blanchard are desirous of having shipped from the Port of Tampa Bay to the city New York, unto Joseph Brice, commission merchant, for disposition and sale; and whereas, the said Joseph W. Fitch and Harrison R. Blanchard are indebted to the said James McKay for supplies of forage, provisions, goods, &c., to the amount of five hundred and two dollars had and received, and also indebted unto C. L. Friebele in the sum of one hundred and twenty four dollars and sevty-five cents, and unto Samuel Knight in the sum of eigh-

ty nine dollars and ten cts., for supplies had and received, and unto Edward Caruthers eighty-nine dollars for labor to March 22, 1851, to Thomas Caruthers ninety dollars and four cts., to Toney Tucker six dollars and sixteen cts., to Thomas Tucker twenty eight dollars and seventy-five cents, Stephen Hall forty-one fifty-nine one hundredths dollars, Henry Langford thirty two dollars and sixty-eight cts., James Condrey eighty-four dollars and six cts., Thomas Tracy sixty-two dollars and fifty-one cts., James Ryalls fourteen dollars and ninety two cts., John Sylvester twenty dollars and eighty-eight cts., William Sylvester twenty-three dollars and sixty-five cts., ———— Buffrum four dollars and fifty cts., Wm. T. Rushing twenty four dollars and ninety-eight cents, Joseph Wells ten dollars, Samuel Caruthers eleven dollars and twenty-five cts., and Harrison R. Blanchard for money, provisions, forage, tents, &c., expended for, and on account of said cedar lumber thirteen hundred sixty-four dollars and sixty-seven cents, to Anthony Raza for the services of three negroes, Richard, Daniel and Demon, to May the 1st, 1851, one hundred and seventeen dollars, to J. W. Brit for the services of a negro slave Sam, to April 15th, 1851, fifty dollars.

Now, therefore, in consideration of the sum of five hundred ten dollars nine cts., as above stated, had and received by the said Joseph W. Fitch and the said Harrison R. Blanchard, from the said James McKay, and in further consideration, that the said James McKay will advance and pay to the said C. L. Friebele, Samuel Knight, Edward Caruthers, Thomas Caruthers, Toney Tucker, Thomas Tucker, Stephen Hall, Henry Langford, James Condrey, Thos. Tracy, James Ryalls, John Sylvester, William Sylvester, ———— Buffrum, James E. Ellis, William R. Rushing, Joseph Wells, Samuel Caruthers, Antonia Raza and S. W.

Brit, their respective sums due as above stated, being the total sum of one thousand and twenty-three dollars and twelve cts., upon Receipt of said Timber, while at Tampa, and shipping the same, that he will cause the same to be shipped to New York for sale and disposition by Joseph Brice, and that after deducting and reimbursing himself, the amount of five hundred and ten dollars and nine cents above stated, and also, with commission of five per cent. on gross amount advanced, disbursed and paid out, that the said James McKay will cause to be deposited or pay into the hands of said Joseph Brice for the use, and subject to the order of said Harrison R. Blanchard, (should sufficient remain,) the said amount above stated, thirteen hundred and sixty six dollars and fifty-four cents, and also an equal part of the residue which may remain from the nett proceeds of the sales of the said timber, and also, that he will pay, or cause to be paid to the order of Joseph W. Fitch the remaining half part of the nett proceeds of the sales of the said timber as aforesaid.

They, the said Joseph W. Fitch and the said Harrison R. Blanchard, do hereby assign, transfer and relinquish unto the said James McKay, all their right, title and interest in, and to all and every piece, part and parcel of the said timber in trust for the purpose and objects above stated, and they, the said Joseph W. Fitch and Harrison R. Blanchard, do hereby agree and covenant with the said James McKay, that they warrant and defend the said timber, against the claims of every other person or persons claiming the same, by or through or under them.

In witness whereof, they have hereunto set their hands

and seals. Done at Fort Brook, Tampa Bay, this seventh day of April, A. D. 1851.

Signed, JOSEPH W. FITCH, [Seal.]
HARRISON R. BLANCHARD, [Seal.]

Signed, ARC. CAMPBELL,
JAS. M. RYALLS.

I, James McKay, do hereby accept of the above assign-ment from the said Joseph W. Fitch and the said Harri-son R. Blanchard, for the purposes, and upon the conditions therein expressed.

Witness my hand, Fort Brook, Tampa Bay, this the seventh day of April, A. D. 1851.

Signed, JAMES McKAY.

In which said agreement or instrument of assignment, the said Jas. McKay, assignee, promised to pay the plain-tiff the sum of one hundred and twenty-four dollars and seventy-five cents, upon the receipt of said Cedar Timber, and the plaintiff avers that afterwards to wit: on &c. &c., and before the commencement of this suit, the defendant did receive the said Cedar Timber, by means whereof, and by virtue of the said instrument of assignment so entered into and accepted by the defendant, he the said James McKay then and there became liable to advance and pay to the plaintiff the sum of money in said assignment spec-ified, according to its tenor and effect, and being so indebt-ed and liable as aforesaid, he the said James McKay, in consideration of the premises, afterwards to wit: on the day and year aforesaid, undertook, and then and there faithfully promised the plaintiff to pay him the said sum of money, in said assignment specified, according to its tenor and effect.

And whereas, afterwards to wit: on the day and year aforesaid, the said defendant was indebted to the plaintiff

for money advanced by the plaintiff, for his, defendant's use, and at his special instance and request to the amount of one hundred and twenty-four dollars and seventy-five cents ; and in the further sum of one hundred and twenty-four dollars and seventy five-cents, on an account then and there stated between them ; and being so indebted, he, the said defendant, afterwards, to wit : on the day and year aforesaid, in consideration of the premises, undertook, and then and there faithfully promised the plaintiff to pay him the said sums of money, whenever he should be thereunto afterwards requested so to do ; nevertheless the said defendant, not regarding his said several promises and undertakings, has not as yet paid said sums of money, or any or either of them, or any part thereof, although requested so to do, but to pay the same, hath hitherto wholly neglected and refused, and still does neglect and refuse to the damage of the plaintiff two hundred and fifty dollars, whereupon he brings suit, &c.

McKay, the defendant, demurred to the declaration as follows :

And the said defendant, by James T. Magbee, his attorney, says that the said plaintiff's declaration is insufficient in law, because he says :

1st. Assumpsit cannot be sustained upon the instrument set out in the plaintiff's declaration.

2d. Plaintiff cannot bring suit in his own name upon the instrument set out in his declaration.

3d. The promises set out in plaintiff's declaration, if any was made, was not made to plaintiff as alleged in his declaration and the breach thereof.

4th. The breach is in debt and the action in assumpsit.

5th. There is no promise made by James McKay to pay plaintiff.

6th. There is a variance between the præcipe and the declaration, in the amount of damages.

7th. The assignment is under seal and the acceptance is not under seal.

8th. If the assignment be under seal, the acceptance of the assignment must be under seal to bind the defendant.

9th. In such an instrument set out in the plaintiff's declaration, the action should be brought in the name of Joseph W. Fitch and Harrison R. Blanchard for the use of plaintiff.

The Court below overruled the demurrer, and defendant by his counsel excepted.

Defendant having pleaded over, a jury was sworn, who returned a verdict for the plaintiff.

At the trial, defendant's counsel asked the Court to instruct the jury:

1st. That unless it is proven that James McKay accepted the first deed of assignment, they must find for McKay.

2d. That a verbal promise to W. H. McDonald by James McKay that he would pay C. L. Friebele a debt which Fitch and Blanchard owed to him, Friebele, is not binding on McKay.

3d. That unless it has been proven that James McKay accepted the assignment on which this suit is brought in writing, then they must find for the defendant.

The Court granted the first and refused the second and third instructions asked for.

The instructions asked for were attested by the signature of the judge below.

The bill of exceptions only embraces the testimony of a witness examined at the trial.

*Magbee*, *Gettis* and *Mitchell* for plaintiff in error.

*O. B. Hart* for defendant in error.

DUPONT, J., delivered the opinion of the Court.

This was an action of assumpsit, and is brought up to this Court by writ of error from the Circuit Court of Hillsborough county. The declaration contains three counts. The first is a special count, setting out at large the instrument of writing out of which the cause of action is alleged to have arisen. The others are for money advanced and an account stated. There was a demurrer to the whole declaration, but the grounds of demurrer assigned point mainly to the first count. Judgment was given for the plaintiff upon the demurrer, and this ruling is assigned by the appellant, who was the defendant in the Court below, as the first ground of error.

In the view which we have taken of this assignment of error, it becomes necessary to consider the various grounds of exception taken to the special count. If it shall be found that either one of the common counts was sufficient, then the demurrer, being to the whole declaration, the Court was bound to give judgment thereon for the plaintiff. This is a well established principle, upon which there is no controversy in the books, and it has been repeatedly so ruled by this Court. 1 Chitty on Pleading, 664; Archbold on Civil Pleading, 309; 1 Saunders, 286; 1 Wilson R., 248; Barbee vs. The J. & A. Plank Road Co., 6 Fla. R., 262.

Amongst the numerous exceptions specially set forth as grounds of demurrer, there are only three which are applicable to the two common counts of the declaration. These are the 4th, 5th and 6th. The fourth and fifth exceptions are respectively set forth thus: "The breach is in debt, and the action in assumpsit. There is no promise made by James McKay to pay the plaintiff." We have

looked into the declaration with reference to these two objections, and, after a careful examination, are constrained to say, that in these respects the declaration is entirely faultless. The breach and promise, as set forth in the declaration, are full and positive, and conform most critically to the precedents in assumpsit, as prescribed by Mr. Chitty. The remaining exception applicable to the common counts, and indeed to the whole declaration, is that there is a variance between the præcipe and declaration in the amount of damages. The damages stated in the præcipe is $249 50, and that in the declaration is $250. We do not think that this objection is such as would lay the foundation for a writ of error. It is laid down in the books, that a writ of error lies, where a person is aggrieved by an error in the foundation, proceedings, judgment or execution of a suit, provided it be an error in substance, not aided at common law, or by some of the statutes of jeofail. (1 Arch. Prac., 208.) That the objection might have been obviated in the Court below by a motion so to amend the declaration as to make the damages conform to the damages stated in the præcipe, there can be no doubt; and this Court has already ruled, in the case of "Campbell vs. Chaffee," (6 Fla. Reports, 724,) that where an amendment in matter of form is allowable, the Court will give the party entitled to the amendment the full benefit of it, as though it had been actually made. We conclude, then, that the common counts were unobjectionable, and, that being the case, the judgment overruling the demurrer was correct.

The next and last error assigned is in these words, viz: "The Court erred in not giving the second and third instructions asked for by the appellant to the jury." The instructions referred to are as follows: 2d. That a verbal promise to Wm. H. McDonald by James McKay, that he

would pay to C. L. Fribele a debt which Fitch & Blanchard owed to him, Friebele, is not binding on McKay." "3rd. That unless it has been proven that James McKay accepted the assignment on which this suit is brought in writing, then they must find for the defendant."

In order to determine the correctness and appropriateness of an instruction which may be given to the jury, resort must always be had to the evidence upon which the instruction is based. That evidence, whether parol or documentary, is to be found only in the "bill of exceptions," whose peculiar office it is to give the incidents occurring in the progress of the trial, from the joining of the issue to the rendition of the verdict. It may be laid down as a general rule, subject to but one exception, that wherever the error complained of is predicated upon the instructions of the Court below, the whole evidence, or, at least, so much thereof as forms the basis of the instruction, must appear in the "bill of exceptions" accompanying the record of the cause.

The exception alluded to is where the instruction is manifestly without the limits of the issue joined between the parties, and is likely to mislead the jury in making up their verdict. In such case, no reference to the evidence can be of any avail in determining the correctness of the instructions, and the Court may pronounce upon it even in the absence of the bill of exceptions, provided it be properly attested by the signature of the judge below.

The bill of exceptions attached to the record in this cause is manifestly incomplete. It purports to give only the testimony of a witness who was orally examined at the trial, and leaves out the documentary evidence, which is specially referred to in the body of the instructions asked for by the defendant and refused by the Court. In this state of case, it would be highly improper for this

Court to undertake to determine that the judge below had erred, for such conclusion could only amount to a conjecture. The correct rule upon this subject is, that nothing will be left to conjecture; and if the bill be so loosely drawn as to leave the matter in doubt, the proceeding below will be sustained, notwithstanding there may be some reason to suspect that error might have intervened. Accordingly it is held, that if the evidence on which the instructions to the jury were intended to bear, be not presented by the bill, the Court will not adjudge such instructions erroneous. The nature, office and indispensability of the bill of exceptions, in a common law suit, has been so frequently discussed by this Court, that any further effort to impress its importance upon the bar would seem to be a work of supererrogation. We will only further commend to the attention of the profession the views of this Court heretofore expressed in the cases of Dorman vs. The ex'ors of Francis Richard, (1 Fla. Reports, 297,) and Proctor vs. Hart, (5 Fla. R., 465.)

Let the judgment be affirmed with costs.