NORTON SMITH, *Plaintiff in Error,* v. ELIZABETH B. WILSON, *Defendant in Error.*

Opinion filed May 18, 1916.

Petition for rehearing denied June 14, 1916.

1. Section 1425 of the General Statutes of 1906 providing for the entry of final judgment upon default requires a strict con-

formity to its terms on the part of the clerk of the court who in entering the final judgment acts merely in a ministerial capacity.

2. The entry by the clerk of a final judgment upon default should recite the proofs of the claim that were produced and filed; that he ascertained from such proofs the amount found to be due, which should be followed by language signifying the entry of a judgment for the amount so assessed or ascertained.

3. In an action of ejectment a sheriff's deed based upon a judgment void upon its face is inadmissible as a muniment of title.

Writ of Error to Circuit Court, DeSoto County; F. A. Whitney, Judge.

Judgment reversed.

*Brown & Jones,* for Plaintiff in Error;

*John W. Burton* and *L. Grady Burton,* for Defendant in Error.

ELLIS, J.—The defendant in error brought an action of ejectment to recover certain lots of land in Avon Park, DeSoto County, from Norton Smith who is the plaintiff in error here. The plaintiff in the court below claimed title to the lots in controversy under the will of her former husband Frank T. Cullens, who claimed title under a deed from Abbie R. Dodge who claimed under a deed from Andrew L. Pearce as Sheriff of DeSoto County, who levied upon and sold the property under an execution which issued out of the Circuit Court for DeSoto County, "at the suit of the Polk County National Bank

plaintiff against the Florida Development Company and O. M. Crosby, defendants."

During the progress of the trial the plaintiff introduced in evidence a certified copy of a judgment in favor of Polk County National Bank, and against Florida Development Company, a corporation, and O. M. Crosby. But to the introduction of this paper in evidence the defendant Norton Smith by his attorneys objected, upon several grounds, as follows:

"1.   That said judgment was not shown to be a valid judgment.

2.   Because said judgment is void for the reason that the wording of same though it purports to be a final judgment, is nothing more than a default.

3.   Said judgment was entered by the Clerk of the Court in vacation on a promissory note and the Clerk entered judgment for $175.00 as attorney's fees.

4.   For the further reason that said judgment is immaterial and irrelevant.

5.   And because said judgment does not carry the entire record of the case with, and upon, which it is based."

The copy of the judgment offered in evidence by the plaintiff is in the following form:

"In the Circuit Court of the 6th Judicial Circuit in and for DeSoto County, Florida.

The Polk County National Bank
           vs.    .            .
The Florida Development Company, a corporation created and    Assumpsit Damages
existing under the Laws of the ·     $3,000.00.
State of Florida, and O. M.
Crosby, whose christian name is
unknown to Plaintiff.

The above styled cause coming on to be further heard on this the 16th day of September, 1895, and it appearing from the returns of the Sheriff filed herein that the defendants were duly served according to law; that the plaintiff filed its cause of action in said cause the same being a promissory note given by said defendant. It also appearing that defendants filed their appearance according to law but having failed to plead, answer or demur, it further appearing that a default judgment was duly entered up against the defendants for want of such pleadings, it is therefore ordered and adjudged that the defendants are due the plaintiff the sum of Fifteen Hundred Dollars as principal and Fifty Dollars accrued interest to this date, also One Hundred and Seventy-five Dollars attorneys fee, together with Thirteen Dollars and eighty-six cents cost in said cause by it expended and that execution issue therefor.

*Witness* my hand and official seal at Arcadia, Fla.. date above written.

(Seal)                          JOHN H. ALFORD, *Clerk.*"

The plaintiff also offered in evidence a paper called a stipulation, which was signed by the attorneys appearing in the case for Norton Smith and in his behalf whereby it was agreed that the title to the lots in controversy became vested in the Florida Development Co., a corporation, by sufficient deeds of conveyance therein enumerated, beginning with the Patent of the United States to the State of Florida, dated February 14, 1880. The last clause of the stipulation is in the following words: "The defendant further stipulates that there was issued out of the Circuit Court of DeSoto County, Florida, on the 16th day of September, 1895, an execution, sufficient in form and substance, upon a judgment before then

found in the Circuit Court of said County, in the suit of Polk County National Bank, plaintiff, against the Florida Development Co., and O. M. Crosby, and that thereon and by virtue thereof, A. L. Pierce, then sheriff of said county, advertised and sold the lands here in question at public sale."

The defendant's attorneys objected to the reading in evidence of the last paragraph of the stipulation quoted above upon the grounds: "1st. Because a valid judgment has not yet been issued. 2nd. Because same is irrelevant and immaterial."

Both of these objections the court overruled, to which rulings the defendant excepted. A jury was waived by the parties and the issues tried by the Judge. Objections were also interposed by the defendant and overruled by the court to the introduction in evidence of the sheriff's deed to Abbie R. Dodge, the latter's deed to Frank Cullens and a certified copy of the latter's will and probate of same. Those objections being all based upon the alleged invalidity of the judgment against the Florida Development Company and O. M. Crosby in favor of The Polk County National Bank, a certified copy of which had been admitted in evidence over the defendant's objections. These and other rulings of the court constitute the basis of the thirteen errors assigned. Only one assignment of error is discussed by the attorneys for plaintiff in error, and that one raises the question of the admissibility in evidence of the certified copy of the judgment in favor of the Polk County National Bank against the Florida Development Company and O. M. Crosby.

The contention is made that the judgment is void because not in due form, and being void the proceedings based upon it were without authority of law. That the sheriff's deed to Abbie R. Dodge, therefore, was a nullity

as was her deed to Frank T. Cullens and the latter's devise to the plaintiff of the lands in controversy.  The defendant in error insists that the judgment is not void for imperfections in form, that its validity should be tested by its substance and not its shadow, that it clearly adjudged the relation to exist between the plaintiff and defendants as creditor and debtors, adjudged the amount to be due from the defendants to the plaintiff and that execution should issue therefor.  Counsel for defendant in error cite the case of Ponder v. Moseley, 2 Fla. 207, and Price v. Winter, 15 Fla. 66, in support of the proposition that "the title of a purchaser at a judgment sale is not affected by errors in the proceedings if the court had jurisdiction of the parties and of the subject matter."  The application of the doctrine announced in those cases to the one at bar is not apparent.  In the case of Ponder v. Moseley, Ponder became the purchaser of property at a public sale under an execution which issued upon the judgment of the court in conformity to the statute.  The Supreme Court afterward held the judgment to be erroneous, but the court in the Ponder case held that the purchaser acquired a good title to the property nevertheless, because while the judgment was erroneous it was not void and therefore all acts performed under it were valid so far as third persons were concerned.  The court said that judgments of courts of general or competent jurisdiction are not considered under any circumstances as mere nullities, but as records importing absolute verity and of binding efficacy until reversed by a competent appellate tribunal.  In the case of Price v. Winter, Price was the purchaser of certain lands at a judicial sale under an order of a court having jurisdiction of the subject matter and of the parties, one of whom was an infant.  Winter, one of the devisees under his father's will,

and at the time of the sale an infant, sought to set aside the sale and have a partition of the land. The Supreme Court after holding that the Circuit Court which ordered the sale had jurisdiction of the subject matter and the parties interested, the minor being represented by a guardian *ad litem,* held that Price acquired the interest of the minor at the sale and refused to set it aside, it appearing that he occupied no fiduciary relation to Winter; that the bid was for full value of the land and no fraud in fact existed in connection with the sale.

The plaintiff in error in this case contends that there was no judgment, not that the judgment was erroneous or voidable, but that the so-called judgment of the court, a certified copy of which was offered in evidence, is not in fact a judgment of the court, but a mere finding of the clerk as to the defendant's indebtedness to the plaintiff and the amount due, and was not such an adjudication as concluded the matter in controversy between the parties upon which legal process for its enforcement could issue.

An inspection of the document reveals the names of the parties plaintiff and defendant, the court in which the action was pending; that the action was upon a written instrument for the payment of money, that the defendants had been duly served with process and had appeared to the action, but had failed to plead or demur, and that a default had been duly entered against the defendants for their failure to plead or demur, and that the plaintiff had produced and filed the written instrument for the payment of money upon which the action was founded. It further appears that the Clerk of the Court undertook to enter final judgment for the plaintiff against the defendants under Section 1035 Revised Statutes of 1892, Section 1425 General Statutes of 1906. This statute provides that the Clerk "Shall assess the amount which

the plaintiff is entitled to recover for the principal and interest, and enter up judgment for the same, upon which judgment execution shall issue immediately unless otherwise ordered by the court."

In the case of Blount v. Gallaher, 22 Fla. 92, the court held that a final judgment entered by the Clerk should set forth fully what evidence was produced by the plaintiff to enable the Clerk to ascertain and assess the damages and to show what was the basis of the judgment. This strict conformity to the statute is required because the Clerk acts in a mere ministerial capacity, he is a mere agent by whom the judgment authorized by the statute is written out and placed among the records of the court. In support of this view the court quoted from the language of Mr. Justice Field in Kelly v. Van Austin, 17 Cal. 564. The judgment in the case of Blount v. Gallaher, *supra,* was defective in that it did not show what evidence was produced by the plaintiff to enable the Clerk to assess the damage and to show what was the basis of the judgment. No such criticism however can be made of the judgment involved in this case. There was on file the written instrument upon which the action was founded and the Clerk assessed the amount which the plaintiff was entitled to recover for the principal and interest, although it does not appear that in assessing the amount due by the defendants, the Clerk acted upon the proofs produced and filed upon the entry of default. Ropes v. Snyder Harris Bassett Co., 37 Fla. 529, 20 South. Rep. 535. But assuming that the Clerk acted upon the proofs produced in assessing the amount due by the defendants, an assumption which in view of the statute, rules of court and the decisions of the Supreme Court is of exceedingly doubtful propriety, he did nothing more than assess the amount due, and there stopped, the words with

which he closed the entry, *viz*: "And that execution is-
sue therefor," were superfluous because the statute pro-
vides for the issuing of the execution upon a judgment
immediately unless otherwise ordered by the court.   We
cannot give to the words "ordered and adjudged" which
appear in the instrument the double significance and im-
portance of indicating the act of assessing the amount
due and the entry of the judgment for the same.   There
are no words in the document which may be said to con-
stitute the judgment proper.   The paper contains a mere
recital of certain facts as to service of the process, the
filing by the plaintiff of the promissory note upon which
the action was founded, the entry of a default against the
defendants for failure to plead or demur and the assess-
ment by the Clerk of the amount due from the defend-
ants to the plaintiff, all of which is required to be done
before a final judgment may be entered.   The power
given by the statute to the Clerk to enter final judgment
consequent upon defaults in pleading should be strictly
construed.    See Ropes v. Snyder  Harris Bassett Co.,
*supra;* Glens Falls Ins. Co. v. Porter, 44 Fla. 568; 33
South. Rep. 473; Register v. Pringle Bros., 58 Fla. 355,
50 South. Rep. 584; Cosmopolitan Fire Ins. Co. v. Boat-
wright, 59 Fla. 232, 51 South. Rep. 540.

The power given by the statute does not appear to
have been strictly pursued by the Clerk in assessing the
amount due, in that the record failed to show that the
Clerk acted upon the proofs produced upon the entry of
default when he assessed the amount which the plaintiff
was entitled to recover, nor was the power to enter up
judgment for the same attempted to be exercised at all.

We think therefore that the fourth assignment is well
taken.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.