DODSON PRINTERS SUPPLY COMPANY, A CORPORATION, *Plaintiff in Error*, v. A. W. CORBETT, *Defendant in Error*.

## Opinion Filed August 1, 1919.

The instrument set out in the opinion held to be a conditional bill of sale and not a mortgage.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Judgment reversed.

*Butler & Boyer*, for Plaintiff in Error;

*Cockrell & Cockrell*, for Defendant in Error.

PER CURIAM.—In replevin proceedings the court directed a verdict for the defendant upon the theory that the following document constitutes a mortgage and not a conditional sale. On this writ of error it is only necessary to determine whether the instrument is a mortgage under the statute, Section 2494, General Statutes of 1906, which provides that "all deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."

The instrument is:

17—Vol. 78

"DODSON PRINTERS SUPPLY COMPANY
"ATLANTA, GEORGIA.

"THIS INDENTURE made this 26th day of March, 1914, between Dodson Printers Supply Company (incorporated under the laws of Georgia) of Atlanta, Georgia, party of the first part, and The Davis Publishing Company, of Palatka, Putnam County, Florida, party of the second part,

"WITNESSETH: That the said The Davis Publishing Company, party of the second part, has received of Dodson Printers Supply Company, under terms below stated, the following described machinery and personal property, to-wit:

"One (1) 32 x 47 Cranston Two Revolution Four Roller Job and Book Press Rebuilt No. 3531, with Table Distribution, Air Cushion, Front Fly Delivery, Back-up; One (1) No. 2 Eclipse Newspaper Folder, Factory No. 3700 for four, six, eight, ten or twelve page paper, with Paster, Trimmer, Wood Pulley for main line, together with all additions, accretions and replenishments that may be made to the same during the existence of this contract, on which above date said party of the second part has paid Two Hundred and Fifty ($250.00) Dollars and hereby promises to pay to the said Dodson Printers Supply Company, or order, the further sum of Twelve Hundred ($1200.00) Dollars, with interest from date at six per cent. per annum and Exchange on Atlanta, and for which said party of second part has this day signed thirty notes payable as follows:

"Thirty (30) Notes at $40.00 each, payable monthly after date .................................. $1200.00

"Party of second part further agrees that the machinery and personal property above described, and the title thereto, notwithstanding delivery, shall belong to and be vested in the Dodson Printers Supply Company until all the aforesaid notes, or any renewals thereof, shall be first paid, together with all charges and expenses that may or shall accrue in event of a foreclosure, sale or repossession of said property, including reasonable attorney's fees and costs of court.

"Party of the second part further covenant and agree that in case default shall be made in the payment at maturity of any of the notes aforesaid, or any part thereof, or in case the purchaser shall sell, assign or remove said property, or any part thereof or interest therein, or if any attachment, writ, distress warrant or other process shall be levied against said property, or if failure shall be made in the payment of insurance or taxes, then in any or either of the aforesaid events, all of said notes and sums of money herein mentioned shall become instantly due and payable, and it shall be lawful for the said Dodson Printers Supply Company, without any liability, accountability or responsibility to the said party of second part or to any other person or persons for so doing, to make immediate possession of said property, wherever found, and remove, sell and dispose of the same or any part thereof at public auction to the highest bidder, after giving legal notice of the time, place and terms of sale, and out of the money arising from such sale, to pay all costs and charges for recovering, removing, storing, advertising and selling the said property, and all other expenses and prior liens thereon, together with the amount due and unpaid upon said notes, ren-

dering the surplus, if any, to the said party of the second part or legal representative.

"The said property to be put in the printing office of the Davis Publishing Company, in the town of Palatka, Florida, and to be there held and kept, and not removed therefrom without the written consent of the said Dodson Printers Supply Company first had an obtained; and the said party of the second part hereby covenant and agree to keep the said property in good order and repair at his own expense, and fully insured against loss or damage by fire during the continuance of this contract, in the sum of $1200.00, in one or more good incorporated fire insurance companies, to be approved by Dodson Printers Supply Company, and assign or deliver the policy or certificate thereof to the seller, and in default thereof the Dodson Printers Supply Company may affect such insurance and the premium so paid shall be a lien on the said machinery and personal property, in addition to the amoun herein named, and payable on demand with legal interest.

"The Dodson Printers Supply Company doth hereby promise and agree that if the said party of the second part shall well and truly keep the covenants herein made, and shall make no default in the payments of any one or more of the installments aforesaid as the same shall become due and payable, and this contract shall not be sooner terminated by mutual consent or otherwise, it will duly execute and deliver to the said party of the second part a bill of sale for the said machinery and personal property, the consideration whereof shall be the amount of the above named payments.

"It is further expressly understood and agreed that the rights and liabilities herein given to or imposed upon

either of the parties hereto shall extend to the successors, executors, administrators and assigns of such party, as thought they were in each case named.

"IN WITNESS WHEREOF, we have hereunto set our hands and seals the day and year first above written."

The statute relates to conveyances, etc., from the debtor to the creditor or to some third person in trust for the creditor. The instrument above copied is a conditional bill of sale from the creditor to the debtor and the title is expressly retained to the creditor till the conditions have been performed.

References in the instrument to a foreclosure and to a lien do not affect the real character of the document. The court erred in holding the instrument to be a mortgage and in directing a verdict for the defendant against the creditor plaintiff who retained the title to the property.

Reversed.

All concur.