LEE DANIELL, *Plaintiff in Error*, VS. LOUISE ELIZABETH CAMPBELL, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WALTER CAMPBELL, ALIAS GEORGE WALTER CAMPBELL, DECEASED, *Defendant in Error*.

## Division B.

## Opinion Filed June 13, 1924.

1. The plaintiff in an action at law is required to file his declaration on or before the rule day to which process is made returnable or on or before the next succeeding rule day. unless further time is allowed by the court.

2. Rule 13 of Rules of Circuit Courts—Law Actions, requires the clerk to enter an order dismissing the action if the plaintiff shall fail to file his declaration on or before the rule day to which process is made returnable or on or before the next succeeding rule day. But the rule does not operate *ipso facto* to dismiss the action.

3. The clerk of a court in entering final judgment for plaintiff upon default "for want of appearance or for want of demurrer or plea" acts merely in a ministerial capacity. He is merely an agent by whom the judgment is written out and placed among the records of the court.

4. Where the plaintiff in an action at law does not file his declaration on or before the rule day to which process is made returnable or on or before the next succeeding rule day, entry by the clerk, not in term time, of a final judgment

in plaintiff's favor on a rule day thereafter upon the filing of his declaration, unless further time has been duly allowed therefor by the court, is unauthorized.

A Writ of Error to the Court of Record for Escambia County, C. Moreno Jones, Judge.

Affirmed.

*Watson & Pasco,* for Plaintiff in Error.

*John M. Coe and Philip D. Beall,* for Defendant in Error.

WEST, J.—This was an application by the sole heir and administratrix of a judgment debtor to stay further proceedings under the execution issued upon a judgment alleged to be void. An order was entered perpetually staying further proceedings thereunder. Writ of error was taken from this court. The order entered is assigned as error.

The petition alleges that the suit was instituted on May 20, 1920, by filing præcipe for summons ad respondendum; that summons was issued and served upon defendant, and was returned and filed on June 7, 1920; that neither on the rule day in June, the return day of the summons, nor on or before the next succeeding rule day thereafter was plaintiff's declaration filed; that plaintiff filed his declaration on March 7, 1921, asking at the same time for a default judgment against defendant for failure to plead or demur as required by law, and default judgment was entered; that final judgment was entered on the rule day following, April 4, 1921; that defendant has a meritorious defense to the action because the cause of action is promissory notes which are joint obligations of the defendant and another, which had, prior to the date of the judgment, been

paid and satisfied either in full or as to a large part thereof. It is further alleged upon information and belief that the delay in filing a declaration in the suit was for the fraudulent purpose in part of lulling defendant into a sense of security and obtaining a default judgment against him on an obligation already satisfied, and that the failure to levy or proceed under the execution until after the death of the defendant was with like design and due to the fact that plaintiff had used some fraudulent representation unknown to petitioner to prevent the defendant from appearing to said action.

Upon a hearing the court ordered "that the execution heretofore issued upon the said judgment, and all proceedings thereunder be and the same are hereby perpetually stayed, and that no further proceedings of any kind or character be had or taken upon the said judgment."

Reliance primarily is based upon plaintiff's failure to file his declaration within the time required. By statute and by rule of court a plaintiff is required to file his declaration on or before the rule day to which process is returnable or on or before the next succeeding rule day. Sec. 2615, Rev. Gen. Stat.; Rule 13, Rules Circuit Court—Law Actions. Upon failure to do so, unless further time is allowed by the Court, the rule provides that "the case shall stand dismissed at the cost of the plaintiff, and the clerk shall enter an order accordingly." There is nothing in the record to suggest that an order of dismissal was entered.

In Ochus v. Sheldon, Hoyt & Co., 12 Fla. 138, the court was considering a rule providing that "all declarations must be filed on or before the first day of the term, and if not filed by the first term thereafter the suit shall be dismissed." An insistence that under the operation of this rule the case was *ipso facto* dismissed upon failure to file

the declaration within the time allowed, was rejected as too stringent. The court held that this rule was designed to give to the defendant a privilege of which he might or might not avail himself.

In Hoey v. Jackson, 31 Fla. 541, 13 South. Rep. 459, the validity of a judgment in an action of ejectment was sought to be impeached. From the statement of the case it appears that the suit was instituted and service of summons obtained upon defendant in August, 1873; that nothing further was done until July, 1874, when plaintiff's declaration was filed; that in October, 1875, judgment by default was entered against defendant; whereupon a jury was empaneled and a verdict was returned upon which judgment was entered in favor of plaintiff. This judgment was held, when challeged in an equity suit brought for that purpose, not to be void. The court held that "where a party has been regularly served with process and neglects to appear and defend, and suffers judgment to be taken by default, and has not been prevented from making a defense by fraud or accident, unmixed with negligence on his part, a court of equity will not afford him any relief against the judgment, though it may be unjust."

In Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351, the court considered a provision of Rule 14, identical with the provision of Rule 13 now being considered. Rule 14 requires that all bonds, notes, bills of exchange, etc., or copies thereof, upon which suit may be brought shall be filed with the declaration, and provides that if such copy of the cause of action is not served ten days before the rule day succeeding the filing of the declaration "the cause shall stand dismissed upon that rule day, and the clerk shall enter an order accordingly." In that case the clerk entered an order reciting that the bill of particulars was not filed, as required by the rule, and dismissed the cause.

The court vacated the order and reinstated the cause, stat
ing in the order that there was a service of the bill of par-
ticulars upon the defendant as required by the rule.  Dis-
cussing an assignment of error predicated upon this order
reinstating the cause, the court said: ''Under the rule it
is the duty of the Clerk to enter an order dismissing the
cause if the cause of action or a copy thereof is not filed
with the declaration, and a copy thereof is not served on
the defendant ten days before the rule day succeeding the
filing of the declaration.  The Court has the power to
review the action of the Clerk in entering the order of dis-
missal; and if it is made to appear to the court that the
plaintiff was in fact not in default in serving a copy of the
cause of action as required by the rule, the court may va-
cate the order of dismissal and reinstate the cause.''  This
language clearly implies the necessity of an order of the
clerk to effectuate a dismissal of the case, and that the
provision of the rule under consideration did not operate
as a dismissal *ipso facto*.  But further than this we have
no authority controlling this case.  In none of the cases
mentioned was there a final judgment entered *by the clerk*
subsequent to the default of plaintiff in filing his declara-
tion, upon which default it became the duty of the clerk
to enter an order dismissing the case.  In Ball Bros. v.
Holland, 76 Fla. 268, 79 South. Rep. 635, the judgment
was entered during a term of the court.

''The clerk, in entering judgments by default, acts in
a mere ministerial capacity; he exercises no judicial func-
tions.  The statute authorizes the judgment, and the clerk
is merely an agent, by whom it is written out and placed
among the records of the court.  He must, therefore, con-
form strictly to the provisions of the statute, or his pro-
ceedings will be without any binding force.''  Kelly v.

Van Austin, 17 Cal. 564; Blount v. Gallaher, 22 Fla. 92; Smith v. Wilson, 71 Fla. 624, 71 South. Rep. 919.

By the express terms of the rule "the case shall stand dismissed" upon plaintiff's default in filing his declaration within the time allowed, and "the clerk shall enter an order accordingly." Since the clerk, in entering judgment in such a case exercises no judicial function or power but acts in a ministerial capacity only, he may not ignore the mandatory requirements of this rule and, subsequent to the accruing of the duty to dismiss because of plaintiff's default, and upon the filing of a declaration (unless in accordance with an order of the court allowing further time), visit upon the defendant the penalty of having judgment entered against him in plaintiff's favor because of a failure to plead. Being in default himself, plaintiff is not in position to demand a judgment to be entered by the clerk in his favor against defendant. Nor is the clerk allowed in such circumstance to ignore the duty resting upon him to enter an order dismissing the case and enter judgment for plaintiff. The judgment entered by the clerk in this case without the sanction or direction of the court was unauthorized.

Error is not made to appear. So the judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

TAYLOR, C. J., AND ELLIS, J., Concur in the opinion.

BROWNE, J., Concurs in the conclusion.