The evidence indicates that the decedent was negligent in permitting his exposed arm to touch a live wire on which he, an experienced lineman, was working. The evidence also indicates negligence of the defendant in leaving exposed the ground wire which the decedent's foot touched when his arm came in contact with the exposed wire on which he was working.

It seems apparent that the damages sustained were not properly diminished in proportion "to the amount of default attributable to" the decedent as required by the statute.

A ground of liability appearing and the damages awarded not being properly apportioned, it is ordered that if within thirty days the plaintiff below enters a remittitur of seven thousand dollars as of the date of the judgment, the judgment shall stand affirmed for eight thousand dollars, otherwise the judgment will stand reversed for a new trial. See St. Johns Electric Co. vs. Lawler, 90 Fla. 188, 105 So. 818; S. U. Co. v. Davis, 90 Fla. 168, 105 So. 315.

It is so ordered.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

ST. LUCIE ESTATES INC., *Plaintiff in Error,* vs. PALM BEACH PLUMBING SUPPLY COMPANY, a Florida corporation, *Defendant in Error.*

Opinion filed May 17, 1930.

206

*Dame & Rogers,* for Plaintiff in Error;
*Edwin Brobston,* for Defendant in Error.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed.

WHITFIELD, ELLIS, BROWN AND BUFORD, J.J., concur.

STRUM, J., concurs in the conclusion.

TERRELL, C.J., not participating.

Opinion on rehearing filed April 15, 1931.

ANDREWS, Commissioner:

As suggested by the motion for rehearing, there is at page two of the opinion filed in this case on May 17, 1930, a discrepancy wherein it is stated that the declaration purports to name and sue both the St. Lucie Estates Inc., and the Pelican Hotel Company, "though the latter company is not referred to or mentioned in the declaration." A more correct statement would have been that in the inducement, the declaration alleges that plaintiff "sues the St. Lucie Estates, Inc., a Florida Corporation, and the Pelican Hotel Company, a Florida Corporation;" then follows the first special count suing only the St. Lucie Estates Inc., upon its guaranty to pay the amount in question. Common count two "claims money payable" (amount named) by the "defendants;" the third count "claims" $690.45 and interest thereon found to be due from the "defendant" upon account stated, and the fourth "claims" a similar amount for work done and materials furnished by the plaintiffs for "defendants" at their request.

It is noted that special count one against the St. Lucie Estates alone, makes exhibits "A" to "H" inclusive a part of the declaration, and that the common counts 2, 3 and 4 of the declaration recites in the margin Bill of Particulars for counts 2, 3 and 4 is Exhibit "G." The exhibit is no part of either of the three last counts. Davant v. Weeks, 78 Fla. 175, 82 So. 804. Exhibits attached to declaration can only be made part thereof by use of apt words in the pleading itself. Strout Farm Agency v. Hollingsworth, 92 Fla. 673, 110 So. 267.

The "affidavit of claim" executed before a Notary Public by M. S. Hendry, credit manager of plaintiff company.

bases the claim upon the "account against" both defendants "a true and correct copy of the books of original entry" hereto attached marked "exhibit A." The record does *not show any exhibit* attached to claim affidavit. Exhibit "A", attached to the declaration, is a letter alleged to have been written by the St. Lucie Estates Inc., guaranteeing the payment and is applicable only to the first count, and therefore is not the basis of the cause of action named in the claim affidavit and judgment, nor is it applicable to either of the three common counts.

While exhibit "G", as a "bill of particulars," appears to be a copy of an "invoice" or account, indicating that the goods were "sold to" St. Lucie Estates Inc., exhibit "G" also shows on its face that the material was "furnished for the Pelican Hotel" per list furnished by F. R. Nott, and "guaranteed by your (St. Lucie Estates') letter 6/15, 26."

If the recovery is based upon the first count of the declaration, which in turn is based upon a guaranty of the St. Lucie Estates to pay, or answer for, the debts of the Pelican Hotel Company, the "affidavit of claim" does not even purport to be proof of such guaranty, and therefore the case of Goldring v. Thompson, 58 Fla. 248, 51 So. 47, does not apply, as might have been the case if the affidavit of claim had been based upon exhibit "A" to the special count of the declaration as an original undertaking with the original of same being attached. See West v. Grainger, 46 Fla. 257, 35 So. 91. But in that case it would apply only to the St. Lucie Estates while the judgment is joint. Sarasota Ice Co. vs. Lyle, 53 Fla. 1069, 43 So. 602.

In the case of Goldring v. Thompson, the cause of action was based upon the letter requesting the credit to Hall and further stated, "your money is good."

In the case of Brunt vs. Gallagher, 22 Fla. 92, this Court said:

"In the entering a final judgment consequent upon a default, on an open account, the judgment should show what evidence was produced by the plaintiff to enable the clerk to ascertain and assess the damages and to show what was the basis of the judgment." Ropes v. Snyder-Harris-Bassett Co., 37 Fla. 529, 20 So. 535.

In the case of Smith v. Wilson, 71 Fla. 624, 71 So. 919, it was said:

"The entry by the clerk of a final judgment upon default should recite the proofs of the claim that were produced and filed; that he ascertained from such proofs the amount found to be due."

The judgment entered by the clerk merely states that "it appearing by affidavit of plaintiff, duly executed, that there is now owing and due from the above defendants to plaintiff herein the sum" etc.

The mere affidavit of the "Credit Manager" of the plaintiff alone, taken before someone other than the clerk, and without any other proofs being attached or filed in evidence, is not sufficient basis upon which a clerk may enter final judgment upon an open account or a written instrument. Section 4288, Compiled General Laws of Florida, 1927, providing the conditions under which the clerk may enter a final judgment upon default requires strict conformity to its terms on the part of a clerk who in entering the final judgment acts merely in a ministerial capacity, and must follow statutes strictly in entering judgments. Saucer v. Vincent, 82 Fla. 296, 89 So. 802.

If the judgment entered by a clerk is based upon a *written instrument*, such as exhibit "A" to the declaration, the *record must show* that the original was *pro-*

*duced in proof.* Florida Development Co. vs. Polk County National Bank, 76 Fla. 629, 80 So. 560; West v. Fleming, 36 Fla. 298, 18 So. 587.

While the motion to set aside judgment and open default alleges that a good and valid defense stated in its pleas were exhibited to the trial court, the transcript before us contains no proposed pleas, which is deemed essential for a review on that point. Morgan v. Marshall, 78 Fla. 59, 82 So. 690. The proposed pleas not being evidenced in the transcript, this Court is unable to determine whether or not there was shown a meritorious defense, and in such cases, the presumption is in favor of the trial court's ruling as to the merits of the pleas.

We assume therefore that the pleas did not show a meritorious defense. This leaves the question as to whether there was reversible error in the several irregularities pointed out in the opinion and those again referred to herein. In this connection, it may be again noted that the damages are laid in the alias praecipe and summons at $500.00, while the judgment is for $777.95.

The judgment of reversal heretofore rendered is on this rehearing adhered to and the judgment therefore stands reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of reversal heretofore rendered in this cause is on this rehearing adhered to and the said judgment of the Court below therefore stands reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.