STATE, *ex rel.* ALURA BLAIR PEARSON, *et vir.*, and CHAS. A. MOREHEAD v. WORTH W. TRAMMELL, as Judge of the Circuit Court, Eleventh Judicial Circuit, Dade County, and IRIS SNOW, a widow.

169 So. 45.
Opinion Filed June 16, 1936.

*Hawthorne & Morehead,* and *Waller & Pepper,* for Petitioners;

*Shutts & Bowen,* and *L. S. Julian,* for Respondents.

PER CURIAM.—The facts of this controversy have been stated in the opinion of Mr. Justice BROWN. We agree with his conclusion, but not with that feature of the opinion which

holds the remedy by writ of prohibition improper in a case
of this kind. Too many decisions of this Court, notably
Speight v. Horne, 101 Fla. 101, 133 Sou. Rep. 274 (9th
headnote) establish the rule to the contrary. Further-
more, as pointed out in the last cited case, writ of error
would not be an adequate remedy, because it would require
the defendants, in seeking a writ or error, to enter a general
appearance in the cause, whereas their object is to have the
Court cease trying to exercise jurisdiction over their per-
sons on a service or appearance plainly inadequate to sup-
port the Court's right to proceed against the objecting de-
fendants.

In this case we concur in the conclusion that the rule *nisi*
should not be made an absolute prohibition, because the
motion filed by Attorney Morehead to be permitted to with-
draw his entry of appearance for the defendants, Alura
Blair Pearson and her husband, is not self-supporting as
against the Circuit Judge's ruling refusing to grant the
motion, hence a bill of exceptions should have been taken
before the respondent Judge showing what, if any, proof,
was offered to prove the lack of authority of the attorney
to appear, the authority of an attorney to appear being pre-
sumed *prima facie* and requiring contradictory proof to
overturn it if not admitted to have been entered without
authority. See: Bishop v. Chillingworth, 114 Fla. 286, 154
Sou. Rep. 254.

Prohibition being the converse of mandamus in jurisdic-
tional matters (State, *ex rel.* Garrett, v. Johnson, 112 Fla.
112, 150 Sou. Rep. 239), a bill of exceptions showing the
*facts* should be made up and filed as a part of the *record*
upon which a prohibition is sought. This is so, because
the court below, if prohibited, should be prohibited ordi-
narily upon what appears *on the face of the record* as a
foundation for the prohibition absolute applied for.

Rule *nisi* discharged and writ of prohibition denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents in part and concurs in judgment.

BROWN, J. (dissenting in part and concurring in judgment).—In June of 1935, Iris Snow instituted an action at law in the Circuit Court for Dade County and filed a praecipe for summons *ad res* against five persons, three of whom were duly served by the sheriff and two of whom, the petitioners in this case, were not served. The sheriff's return showed that they could not be found and it is alleged in the suggestion for writ of prohibition that these two persons, Alura Blair Pearson and her husband, were at the time and still are residents of the State of New York.

On July 1, 1935, a practicing attorney of the City of Miami filed his appearance as attorney for all five of the defendants.

On August 3, 1935, upon application made by counsel for plaintiff, an order was made extending the time for filing of declaration until August 20.

On August 17, 1935, the attorney who had filed the appearance for all of said defendants, filed a motion alleging that the appearance in behalf of two of the defendants, petitioners in this case, was entered through inadvertence and mistake; and insisted that defendants had never been served with process, were not residents of this State, as appeared from the affidavit on file in the cause entered by associate counsel for plaintiffs, and that the undersigned attorney had no authority to file such appearance in the absence of service of summons upon said defendants, and was not requested so to do by the defendants. For these reasons, said attorney requested leave of the court to withdraw his appearance on behalf of said two defendants. This motion was signed by the attorney, but was not sworn

to. The record does not show that any evidence was offered in support of it.

Declaration was filed in the case against all the defendants on August 19, 1935, which showed that the cause of action arose from an automobile accident in the State of Utah. The three defendants who had been served filed a demurrer to the declaration.

On January 20, 1936, the Circuit Judge entered an order, reciting that the cause had come on to be heard upon the motion of the attorney for leave to withdraw his appearance in behalf of Alura Blair Pearson and her husband and that the matter had been argued by counsel for the respective parties; which order denied the motion and allowed said defendants until February 10th in which to plead as they might be advised.

Suggestion for the writ of prohibition sets up the above facts and alleges that the said Circuit Judge is about to exceed the jurisdiction of the said court and usurp jurisdiction not vested in said court by assuming jurisdiction over said two defendants who had not been served with summons and who had filed no authorized appearance, and prayed that rule *nisi* be issued commanding the said Circuit Judge to show cause on a day certain why writ of prohibition absolute should not issue prohibiting the respondent from further proceeding in said law action against said two defendants. Rule *nisi* was issued accordingly.

The respondents, including the Circuit Judge, filed demurrer to the suggestion for the writ, and also an answer in which they *denied* that said praecipe for appearance for said two defendants was filed or entered through inadvertence or mistake or without authority on the part of the attorney, and they deny that the transcript of record attached to the suggestion is a true and correct transcript of all the proceedings in the cause. They also deny that the

Circuit Judge has exceeded or is about to exceed the jurisdiction of the Circuit Court. Thus the vital questions of fact are in dispute; also the correctness of the transcript.

The demurrer to the suggestion for the writ questioned its sufficiency, because the motion to withdraw appearance was not sworn to or supported by testimony or evidence of any kind; also because it appears that it was a motion, not on behalf of said defendants to withdraw their appearance, but in effect a motion on the part of their attorney of record for leave to withdraw as their attorney. Also that had the motion been granted, the appearance of said two defendants would have remained in said cause. The following authorities on the question of the right to withdraw unauthorized appearances will be found of interest in this connection: St. Lucie Estates, Inc., v. Palm Beach Plumbing Supply Co., 101 Fla. 205, 133 So. 841; Budd v. Gamble, 13 Fla. 265; Tidwell v. Witherspoon, 18 Fla. 282, and 4 C. J. 1371-1373. In Rorick v. Stillwell, 101 Fla. 4, 133 So. 609, it was held that where persons who are named as defendants in a suit where praecipe has been issued and summons returned as served upon them, when in truth and in fact no such service has in legal effect been made, they have the right to call such lack of jurisdiction to the attention of the court by specially appearing in the cause and moving to set aside or vacate the service of process thus falsely appearing of record, and that in doing so they waive none of their rights and confer no jurisdiction upon the court.

So it appears that if the Circuit Judge has committed error in overruling the motion to withdraw the appearance, this error can be reviewed and corrected by some other means than the drastic remedy of prohibition. It is ordinarily within the jurisdiction of the trial court of general jurisdiction to determine whether the court has acquired

jurisdiction over the person of a defendant or defendants. This court cannot prohibit the Circuit Court from exercising this power. And if the power is exercised erroneously, the fact remains that the trial court's decision on the question of its own jurisdiction over the person of a defendant is to be deemed as at least *prima facie* correct and entitled to due credit unless the contrary clearly appears, and it would not be proper in such a case as this, where the facts are in dispute, for this Court to prohibit the trial court from proceeding further in the case merely because this Court might be of the opinion that the trial court might have committed error in its decision on that point. The law affords adequate remedy for the review and correction of errors of this nature, and it would disrupt the orderly administration of justice if defendants in all cases were permitted to secure a writ of prohibition every time they thought the trial court had committed some error in determining its own jurisdiction over the person or persons of the parties before it. Peacock v. Miller, 123 Fla. 97, 166 So. 212, and cases cited. Curtis v. Albritton, 101 Fla. 853, 132 So. 677. It is only where it clearly appears that the trial court is proceeding without jurisdiction that prohibition lies. Speight v. Horne, 101 Fla. 101, 133 So. 577.

In 50 C. J. 678, it is said:

"Where the existence of jurisdiction depends on controverted facts which the inferior court or tribunal is competent to determine, prohibition does not lie, even though the lower tribunal may in such case err in its determination of the question. This rule has been extended in some decisions to an erroneous determination of jurisdiction as a question of law, on the other hand it has been held that the writ properly issues where the court has given itself jurisdiction by an erroneous conclusion on a question of law, or where its erroneous decision operates as an unlawful assumption

of jurisdiction, and it is generally held that the granting or refusal of the writ is discretionary where the question of the jurisdiction of the court is doubtful or depends on facts which are not made a matter of record."